JUDGE KATHLEEN CARDONE

FILED

2017 JAN -5 PM 4: 14

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DANIEL FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No._____ |
| | § | |
| NATIONAL VAN LINES, INC., | § | **EP 17 CV0003** |
| NATIONAL HOLDING COMPANY, | § | |
| INC., FINKBINER TRANSFER & | § | |
| STORAGE, INC., and GARY M. | § | |
| GALLARDO, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS NATIONAL VAN LINES, INC., NATIONAL HOLDING COMPANY, INC., UNION TRANSFER & STORAGE, INC., AND FINKBINER TRANSFER & STORAGE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES NATIONAL VAN LINES, INC., NATIONAL HOLDING COMPANY, INC., and FINKBINER TRANSFER & STORAGE, INC., Defendants in the above-referenced matter ("Removing Defendants"), and pursuant to 28 U.S.C. §§ 1441 and 1446, files this notice of removal of the action described below from the 205th Judicial District Court of Hudspeth County, Texas, to this Honorable Court.

### I. Procedural Background

1.      This action was commenced on January 19, 2016, by DANIEL FLORES ("Plaintiff"), by filing Plaintiff's Original Petition in the County Court at Law No. 5 of El Paso County, Texas. The action was transferred to the 205th Judicial District Court and is now styled *Daniel Flores v. National Van Lines, Inc., National Holding Company, Inc., Finkbiner Transfer & Storage, Inc., and Gary M. Gallardo*, Cause No. CV-04576-205 (the "State Court Action").

2.      The Plaintiff brought this suit alleging negligence arising out of an automobile accident.

3.      A copy of the Plaintiff's Original Petition in the State Court Action, a copy of the docket sheet, and a copy of all documents served on Removing Defendants in the State Court Action are attached to this Notice of Removal as "Exhibit A" and are incorporated herein by reference for all purposes.

4.      State of Texas Department of Transportation, an original Defendant in this lawsuit, was dismissed for lack of jurisdiction from the State Court Action on August 30, 2016. The claims against that Defendant were then severed on December 7, 2016, establishing diversity. This notice of removal is filed within thirty days of the case becoming removable and within one year of the commencement of the suit, and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

5.      Union Transfer & Storage, Inc., was dismissed from this lawsuit via the Plaintiff's filing of his First Supplemented Petition in the State Court Action on February 8, 2016.

6.      The United State District Court for the Western District of Texas, El Paso Division, is the District Court and Division for the district that includes Hudspeth County, Texas, where the State Court Action is currently pending.  *See* 28 U.S.C. § 103(4).

7.      Defendant Gary M. Gallardo consents to removal of this lawsuit pursuant to 28 U.S.C. § 1446(b).

8.      Removing Defendants, concurrently with the filing of this petition, have given written notice of the filing of this Notice of Removal to all parties of record and to the Clerk of the District Court, in Hudspeth County, Texas.

9.     Removing Defendants expressly reserve the right to raise all defenses and objections to Plaintiff's claims or to otherwise plead after the action is removed to the above Court.

## II. BASIS FOR REMOVAL

### A. Amount in Controversy

10.     The amount of damages in controversy as alleged by Plaintiff exceeds the minimum diversity jurisdictional requirement of a United States District Court.  Plaintiff's Original Petition seeks damages "over $1,000,000.00."[1]

### B. Diversity of Citizenship

11.     Plaintiff is a citizen of Texas.[2]

12.     Defendant National Van Lines, Inc. is an Illinois Corporation with its principal place of business in Broadview, Illinois.

13.     Defendant National Holding Company, Inc. is an Illinois Corporation with its principal place of business in Broadview, Illinois.

14.     Defendant Finkbiner Transfer & Storage, Inc. is a Missouri Corporation with its principal place of business in Springfield, Missouri.

15.     Defendant Gary Gallardo is a citizen of Arizona.

16.     Accordingly, diversity of citizenship exists.

## III. PRAYER

17.     WHEREFORE, Removing Defendants ask that this case be placed on the Court's docket and for any other relief to which they may be justly entitled at law or in equity.

---

[1] *See* Plaintiff's Original Petition, Part II.
[2] *Id.* at Part III.

Respectfully submitted,

**MOUNCE, GREEN, MYERS**
**SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas  79950
Phone:  (915) 532-2000
Fax:    (915) 541-1597
E-Mail:  vereen@mgmsg.com
E-Mail:  rhoads@mgmsg.com

By: *Shannon C Rhoads*
**Darryl S. Vereen**
State Bar of Texas No. 00785148
**Shannon C. Rhoads**
State Bar of Texas No. 24077263


Attorneys for Defendants National Van Lines, Inc., National Holding Company, Inc. and Finkbiner Transfer & Storage, Inc.


## CERTIFICATE OF SERVICE

I, **Shannon C. Rhoads,** hereby certify that on the 5th day of January, 2017, a true and correct copy of the foregoing document is served on the following parties or attorneys via email to: Victor J. Bieganowski, Esq., victorbieganowski@ellisandortega.com, 609 Myrtle Avenue, Suite 100, El Paso, Texas, 79901, M. Mitchell Moss, Esq., mmos@scotthulse.com, and Priscilla Marquez, Esq. pmar@scotthulse.com,  P.O. Box 99123, El Paso, Texas, 79999-9123.


By: *Shannon C Rhoads*
**Shannon C. Rhoads**

El Paso County - County Court at Law 5

Filed 1/19/2016 4:02:36 PM
Norma L. Favela
District Clerk
El Paso County
2016DCV0208

## CAUSE NO. _____

| | | |
|---|---|---|
| **DANIEL FLORES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **NATIONAL VAN LINES, INC.,** | § | **EL PASO COUNTY, TEXAS** |
| **NATIONAL HOLDING COMPANY,** | § | |
| **INC., FINKBINER TRANSFER &** | § | |
| **STORAGE, INC., UNION TRANSFER** | § | |
| **& STORAGE, INC., GARY M.** | § | |
| **GALLARDO and STATE OF TEXAS** | § | |
| **DEPARTMENT OF** | § | |
| **TRANSPORTATION** | § | |
| | § | |
| **Defendants.** | § | |
| | § | **____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG TO DEFENDANTS

**TO THE HONORABLE COURT:**

COMES NOW DANIEL FLORES complaining of:

1. National Van Lines, Inc;

2. National Holding Company, Inc.;

3. Finkbiner Transfer & Storage, Inc.;

4. Union Transfer & Storage, Inc.;

5. Gary M. Gallardo; and

6. State of Texas/Department of Transportation.

hereinafter collectively referred to as "Defendants," and respectfully shows the Honorable Court

and Jury as follows.



EXHIBIT

A

# I.

## DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

# II.

## EXPEDITED TRIAL RULE

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief of over $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

# III.

## PARTIES

Plaintiff Daniel Flores ("FLORES") is an individual resident of El Paso, El Paso County, Texas. His driver's license number is *****370 and his social security number is ***-**-*665.

Defendant National Van Lines, Inc. ("NVL") is an Illinois corporation and may be served with process by and through its registered agent John C Sims at 1208 Broadway, Lubbock, TX 79401.

Defendant National Holding Company, Inc. ("NHC") is an Illinois corporation and may be served with process by and through its registered agent James A. Christman at 225 W Wacker Drive, Suite 2800, Chicago, IL 60606.

Defendant Finkbiner Transfer and Storage Company ("FINKBINER") is a Missouri corporation and may be served with process by and through its registered agent Judy C. Hayes at 2215 N. Burton, Springfield, MO 65803.

Defendant Union Transfer and Storage, Inc. ("UNION TRANSFER") is a Missouri corporation and may be served with process by and through its registered agent Donna Richardson at 1201 Sergeant, Joplin, MO 64802.

Defendant Gary M. Gallardo ("GALLARDO") is an individual who may be served at his residence at 6131 W Irma Ln, Glendale, AZ 85308.

Defendant State of Texas/ Department of Transportation is a governmental agency who may be served through the Secretary of State Corporation Section at 1019 Brazos, Austin, Texas 78701

## IV.

## **JURISDICTION AND VENUE**

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action because Plaintiff FLORES is a resident of El Paso County, Texas.  Venue therefore, is proper in El Paso County, Texas pursuant to the Texas Civil Practice & Remedies Code § 15.002.

## V.

## FACTS

This lawsuit arises out of a motor vehicle collision that occurred on Saturday, March 1, 2014, on Interstate 10 in Hudspeth County, Texas near the United States Border Patrol Checkpoint at 900 Aztec Drive, Sierra Blanca, TX 79851. At the time and on the occasion in question, Defendant GALLARDO was operating a 2009 Freightliner tractor with a trailer at an unsafe speed on Interstate 10 towards the US Border Patrol Checkpoint while traffic ahead of him was slowing down to get in line for the Checkpoint. Plaintiff FLORES was operating a tractor-trailer on Interstate 10 ahead of Defendant GALLARDO and had slowed down to a complete stop in the far right lane to wait in line to clear the Checkpoint. Defendant GALLARDO approached FLORES at highway speeds and barreled into the rear and driver's side of FLORES' tractor-trailer. The tractor-trailer operated by GALLARDO jackknifed and slammed into the driver's side of FLORES' tractor. The impact forced FLORES' vehicle into to the tractor-trailer in front of him. FLORES was thrown about the interior of his tractor cab and was knocked unconscious. As a result of the collision, FLORES was severely and permanently injured.

## VI.

## CAUSES OF ACTION

### A.   NEGLIGENCE – DEFENDANT GALLARDO

At the time of the motor vehicle collision, Defendant GALLARDO was operating his vehicle negligently. Specifically, Defendant GALLARDO had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant GALLARDO breached that duty in one or more of the following respects:

1. Defendant GALLARDO failed to exercise ordinary care and operate his vehicle reasonably and prudently;

2. Defendant GALLARDO failed to keep such proper lookout ahead and pay proper attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

3. Defendant GALLARDO was traveling at unsafe speed for the conditions existing on the roadway at the time of the collision;

4. Defendant failed to keep an assured clear and safe distance from Plaintiff's vehicle;

5. Defendant GALLARDO failed to yield the right of way to vehicles ahead of him on the roadway;

6. Defendant GALLARDO failed to slow down and take any evasive action to avoid the collision;

7. Defendant GALLARDO failed to drive defensively;

8. Defendant GALLARDO failed to drive in accord with the training provided to him;

9. Defendant GALLARDO failed to drive in accord with the policies of Defendants NVL, NHC, FINKBINER and/or UNION TRANSFER; and

10. Defendant GALLARDO failed to operate his vehicle in accordance with generally accepted industry standards, principles and practices.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

**B.    NEGLIGENCE *PER SE* – DEFENDANT GALLARDO**

At the time of the motor vehicle collision, Defendant GALLARDO was

operating his vehicle in violation of Texas Transportation Law.  Specifically, Defendant

GALLARDO violated at least the following provisions of Texas Transportation Law:

1.  Tex. Transp. Code Ann. § 545.062 (Following Distance); and

2.  Tex. Transp. Code Ann. § 545.351 (Maximum Speed Requirement).

3.  Unsafe driving.

4.  Driving reckless in violation of Tex. Transp. Code Ann. §545.401.

5.  Failure to use due care in operating a motor vehicle.

6.  Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.

7.  Failure to safely apply brakes to avoid an incident.

8.  Failure to turn to the left or right to avoid a collision.

9.  Failure to honk and give adequate warning of the impending danger.

10. Failure to warn of his approach.

11. Failure to pay attention.

12. Failure to take proper evasive action.

13. Failure to use due care and caution under the circumstances then existing.

14. Failure to use due care in operating a motor vehicle. (Transportation Code §545.351)

Each of the above and foregoing acts and omissions, singularly or in combination,

constituted the negligence that was the proximate cause of the motor vehicle collision and

consequently the injuries and damages of Plaintiff.

**C.     RESPONDEAT SUPERIOR – DEFENDANTS NVL, NHC, FINKBINER AND UNION TRANSFER**

At all times relevant to this action, Defendant GALLARDO was in the course and scope of his employment and/or agency with Defendant NVL, Defendant NHC, Defendant FINKBINER and/or Defendant UNION TRANSFER, thereby making Defendant NVL, Defendant NHC, Defendant FINKBINER and Defendant UNION TRANSFER vicariously liable under the doctrine of *respondeat superior* for the negligent acts of Defendant GALLARDO described above which singularly or in combination proximately caused the motor vehicle collision and resulting injuries and damages of Plaintiff.

**D.     NEGLIGENT HIRING, QUALIFYING, TRAINING, ENTRUSTMENT, SUPERVISION AND RETENTION – DEFENDANTS NVL, NHC, FINKBINER, AND UNION TRANSFER**

At all times relevant to this action, Defendants NVL, NHC, FINKBINER and UNION TRANSFER had certain duties, including those imposed by regulations and other industry standards and practices, in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant GALLARDO and Defendants were negligent in failing to take reasonable steps to ensure that these duties were met.  As a proximate result of their negligence, Plaintiff FLORES suffered personal injuries.

1.     Unsafe driving.

2.     Driving off the main travelled portion of the road in violation of Texas Transportation Code §545.063.

3.     Driving while fatigued or tired.

4.     Operating a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other

cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle. (FMCSR § 392.3)

5.    Requiring or permitting a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. (FMCSR § 392.3)

6.    Failing to require observance of driver regulations. (FMCSR § 390.11)

7.    Failing to ensure that only medically qualified drivers are operating the commercial motor vehicle in interstate commerce (FMCSR § 391.41)

8.    Failing to determine if an injury or illness rendered the driver medically unqualified.
      (§ 391.43)

9.    Violating FMCSA Regulations.

10.   Failure to comply with the Federal Motor Carrier Safety Regulations (FMCSR).

11.   Failing to keep a safe lookout.

12.   Driving with health condition which could cause unsafe driving.

13.   Driving while required to take medication which could impair driving.

14.   Co-driver's operation of an 18 wheeler while fatigued.

15.   Negligent co-worker operation of a commercial vehicle in the course of employment with Defendant.

16.   Failure to furnish Defendant Gallardo with a safe place to work.

17.   Failure to furnish safe adequate, necessary and suitable tools, appliances and equipment.

18.     Failure to supply adequate and reasonably competent fellow employees in the safe operation of a commercial truck.

19.     Failure to establish and enforce safety rules and regulations.

20.     Failure to safely educate, instruct and supervise in the performance of employee's duties.

21.     Failing to supervise.

25.     Failing to establish and enforce a fatigue management program.

26.     Failure to teach, train and supervise its drivers on safe driving during the "danger zone" (midnight to 6:00 a.m.).

## E.     NEGLIGENCE OF THE STATE OF TEXAS/ DEPARTMENT OF TRANSPORTATION

At all times material and relevant herein in this case, the State of Texas was responsible for the design, construction, building, repairing and maintaining East Interstate Highway 10 in the area where this incident happened. Due to the State of Texas /Department of Transportation's Negligent-design, construction, building repairing and maintaining of East Interstate Highway in a negligent manner, Defendant's conduct was a proximate cause of this incident.

### VII.

### DAMAGES

As a result of Defendants' wrongful conduct alleged above, Plaintiff FLORES seeks to recover money damages for:

1. The severe physical pain, torment, and suffering experienced by Plaintiff FLORES;

2. The reasonable expense of the necessary medical and hospital care received by Plaintiff FLORES for treatment of injuries sustained by him as a result of the occurrence in question; and

3. The reasonable amount of lost wages incurred by Plaintiff FLORES as a result of the injuries sustained by him resulting from the occurrence in question.

4. Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value.

5. Loss of Plaintiff's society, companionship, love, affection, comfort, protection and attention.

6. Loss of household services.

7. Loss of consortium.

8. Mental anguish.

## VIII.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure each of the Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## IX.

## DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiffs serve to Defendants the following:

1. Plaintiff Daniel Flores' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant NVL;

2.  Plaintiff Daniel Flores' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant NHC;

3.  Plaintiff Daniel Flores' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant FINKBINER;

4.  Plaintiff Daniel Flores' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant FINKBINER; and

5.  Plaintiff Daniel Flores' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant GALLARDO.

## X.

## INTENT TO USE DISCOVERY DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per Texas Rules of Civil Procedure 193.7.

## XI.

## U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.

## JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fee.

## XIII.

## <u>RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recovers judgment against Defendants for:

1. Plaintiff Daniel Flores' pain, torment, and suffering;

2. The reasonable expense of the necessary medical and hospital care received by Plaintiff Daniel Flores for treatment of injuries sustained by him as a result of the occurrence in question;

3. Plaintiffs' pecuniary loss in the past and future;

4. Plaintiffs' mental anguish in the past and future;

5. Interest on the judgment at the legal rate from the date of judgment;

6. Pre-judgment interest on Plaintiffs' damages as allowed by law;

7. All costs of court; and

8. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ELLIS & ORTEGA ATTORNEYS AT LAW**
By: /s/ Randolph Ortega
**RANDY ORTEGA**
State Bar No. 00795570
randyortega@ellisandortega.com
609 Myrtle, Suite 100
El Paso, TX, 79901
915-542-1883 (phone)
915-542-3500(fax)
**ATTORNEYS FOR PLAINTIFFS**

El Paso County - County Court at Law 5

Filed 2/8/2016 3:26:25 PM
Norma L. Favel
District Cler
El Paso Count
2016DCV020

CAUSE NO. 2016DCV0208

| | | |
|---|---|---|
| **DANIEL FLORES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **NATIONAL VAN LINES, INC.,** | § | **EL PASO COUNTY, TEXAS** |
| **NATIONAL HOLDING COMPANY,** | § | |
| **INC., FINKBINER TRANSFER &** | § | |
| **STORAGE, INC., GARY M.** | § | |
| **GALLARDO and STATE OF TEXAS/** | § | |
| **DEPARTMENT OF** | § | |
| **TRANSPORTATION** | § | |
| | § | |
| **Defendants.** | § | |
| | § | _CC5_ __ **JUDICIAL DISTRICT** |

**PLAINTIFF'S FIRST SUPPLEMENTED PETITION AND REQUEST FOR
DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR
ADMISSIONS, FIRST REQUEST FOR PRODUCTION AND REQUEST FOR
PRIVILEGE LOG
TO DEFENDANTS**

**TO THE HONORABLE COURT:**

COMES NOW DANIEL FLORES complaining of:

1. National Van Lines, Inc;

2. National Holding Company, Inc.;

3. Finkbiner Transfer & Storage, Inc.; and

4. Gary M. Gallardo;

5. State of Texas/Department of Transportation

hereinafter collectively referred to as "Defendants," and respectfully shows the Honorable Court

and Jury as follows.

# I.

## DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

# II.

## EXPEDITED TRIAL RULE

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief of over $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

# III.

## PARTIES

Plaintiff Daniel Flores ("FLORES") is an individual resident of El Paso, El Paso County,Texas.  His driver's license number is *****370 and his social security number is ***-**-*665.

Defendant National Van Lines, Inc. ("NVL") is an Illinois corporation and may be served with process by and through its registered agent Maureen G. Beal at 2800 Roosevelt Road, Broadview, IL 60155.

Defendant National Holding Company, Inc. ("NHC") is an Illinois corporation and may be served with process by and through its registered agent James A. Christman at 225 W Wacker Drive, Suite 2800, Chicago, IL 60606.

Defendant Finkbiner Transfer and Storage Company ("FINKBINER") is a Missouri corporation and may be served with process by and through its registered agent Judy C. Hayes at 2215 N. Burton, Springfield, MO 65803.

Defendant Gary M. Gallardo ("GALLARDO") is an individual who may be served at his residence at 6131 W Irma Ln, Glendale, AZ 85308.

Defendant State of Texas/ Department of Transportation is a governmental agency who may be served through their agent for process Secretary of State Corporation Section 1019 Brazos, Austin, Texas 78701.

IV.

## JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action because Plaintiff FLORES is a resident of El Paso County, Texas.  Venue therefore, is proper in El Paso County, Texas pursuant to the Texas Civil Practice & Remedies Code § 15.002.

V.

## FACTS

This lawsuit arises out of a motor vehicle collision that occurred on Saturday, March 1, 2014, on Interstate 10 in Hudspeth County, Texas near the United States Border Patrol Checkpoint at 900 Aztec Drive, Sierra Blanca, TX 79851.  At the time and on the

occasion in question, Defendant GALLARDO was operating a 2009 Freightliner tractor with a trailer at an unsafe speed on Interstate 10 towards the US Border Patrol Checkpoint while traffic ahead of him was slowing down to get in line for the Checkpoint. Plaintiff FLORES was operating a tractor-trailer on Interstate 10 ahead of Defendant GALLARDO and had slowed down to a complete stop in the far right lane to wait in line to clear the Checkpoint. Defendant GALLARDO approached FLORES at highway speeds and barreled into the rear and driver's side of FLORES' tractor-trailer. The tractor-trailer operated by GALLARDO jackknifed and slammed into the driver's side of FLORES' tractor. The impact forced FLORES' vehicle into the tractor-trailer in front of him. FLORES was thrown about the interior of his tractor cab and was knocked unconscious. As a result of the collision, FLORES was severely and permanently injured.

## VI.

## CAUSES OF ACTION

### A.   NEGLIGENCE – DEFENDANT GALLARDO

At the time of the motor vehicle collision, Defendant GALLARDO was operating his vehicle negligently. Specifically, Defendant GALLARDO had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant GALLARDO breached that duty in one or more of the following respects:

1. Defendant GALLARDO failed to exercise ordinary care and operate his vehicle reasonably and prudently;

2. Defendant GALLARDO failed to keep such proper lookout ahead and pay proper attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

3. Defendant GALLARDO was traveling at unsafe speed for the conditions existing on the roadway at the time of the collision;

4. Defendant failed to keep an assured clear and safe distance from Plaintiff's vehicle;

5. Defendant GALLARDO failed to yield the right of way to vehicles ahead of him on the roadway;

6. Defendant GALLARDO failed to slow down and take any evasive action to avoid the collision;

7. Defendant GALLARDO failed to drive defensively;

8. Defendant GALLARDO failed to drive in accord with the training provided to him;

9. Defendant GALLARDO failed to drive in accord with the policies of Defendants NVL, NHC and/or FINKBINER; and

10. Defendant GALLARDO failed to operate his vehicle in accordance with generally accepted industry standards, principles and practices.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## B.      NEGLIGENCE *PER SE* – DEFENDANT GALLARDO

At the time of the motor vehicle collision, Defendant GALLARDO was operating his vehicle in violation of Texas Transportation Law.  Specifically, Defendant GALLARDO violated at least the following provisions of Texas Transportation Law:

1. Tex. Transp. Code Ann. § 545.062 (Following Distance); and

2. Tex. Transp. Code Ann. § 545.351 (Maximum Speed Requirement).

3. Unsafe driving.

4. Driving reckless in violation of Tex. Transp. Code Ann. §545.401.

5. Failure to use due care in operating a motor vehicle.

6. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.

7. Failure to safely apply brakes to avoid an incident.

8. Failure to turn to the left or right to avoid a collision.

9. Failure to honk and give adequate warning of the impending danger.

10. Failure to warn of his approach.

11. Failure to pay attention.

12. Failure to take proper evasive action.

13. Failure to use due care and caution under the circumstances then existing.

14. Failure to use due care in operating a motor vehicle. (Transportation Code §545.351)

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## C.     RESPONDEAT SUPERIOR – DEFENDANTS NVL, NHC, AND FINKBINER

At all times relevant to this action, Defendant GALLARDO was in the course and scope of his employment and/or agency with Defendant NVL, Defendant NHC and/or Defendant FINKBINER, thereby making Defendant NVL, Defendant NHC and Defendant FINKBINER vicariously liable under the doctrine of *respondeat superior* for the negligent acts of Defendant GALLARDO described above which singularly or in combination proximately caused the motor vehicle collision and resulting injuries and damages of Plaintiff.

**D.    NEGLIGENT HIRING, QUALIFYING, TRAINING, ENTRUSTMENT, SUPERVISION AND RETENTION – DEFENDANTS NVL, NHC, AND FINKBINER**

At all times relevant to this action, Defendants NVL, NHC and FINKBINER had certain duties, including those imposed by regulations and other industry standards and practices, in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant GALLARDO and Defendants were negligent in failing to take reasonable steps to ensure that these duties were met.  As a proximate result of their negligence, Plaintiff FLORES suffered personal injuries.

1.    Unsafe driving.

2.    Driving off the main travelled portion of the road in violation of Texas Transportation Code §545.063.

3.    Driving while fatigued or tired.

4.    Operating a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle. (FMCSR § 392.3)

5.    Requiring or permitting a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. (FMCSR § 392.3)

6.    Failing to require observance of driver regulations. (FMCSR § 390.11)

7.    Failing to ensure that only medically qualified drivers are operating the commercial motor vehicle in interstate commerce (FMCSR § 391.41)

8.    Failing to determine if an injury or illness rendered the driver medically unqualified.

(§ 391.43)

9.    Violating FMCSA Regulations.

10.   Failure to comply with the Federal Motor Carrier Safety Regulations (FMCSR).

11.   Failing to keep a safe lookout.

12.   Driving with health condition which could cause unsafe driving.

13.   Driving while required to take medication which could impair driving.

14.   Co-driver's operation of an 18 wheeler while fatigued.

15.   Negligent co-worker operation of a commercial vehicle in the course of employment with Defendant.

16.   Failure to furnish Defendant Gallardo with a safe place to work.

17.   Failure to furnish safe adequate, necessary and suitable tools, appliances and equipment.

18.   Failure to supply adequate and reasonably competent fellow employees in the safe operation of a commercial truck.

19.   Failure to establish and enforce safety rules and regulations.

20.   Failure to safely educate, instruct and supervise in the performance of employee's duties.

21.   Failing to supervise.

25.   Failing to establish and enforce a fatigue management program.

26.   Failure to teach, train and supervise its drivers on safe driving during the "danger zone" (midnight to 6:00 a.m.).

**E.    NEGLIGENCE OF THE STATE OF TEXAS/ DEPARTMENT OF TRANSPORTATION**

**At all times material and relevant herein in this case, the State of Texas was responsible for the design, construction, building, repairing and maintaining East Interstate Highway 10 in the area where this incident happened. Due to the State of Texas /Department of Transportation's Negligent-design, construction, building repairing and maintaining of East Interstate Highway in a negligent manner, Defendant's conduct was a proximate cause of this incident.**

**VII.**

**DAMAGES**

As a result of Defendants' wrongful conduct alleged above, Plaintiff FLORES seeks to recover money damages for:

1. The severe physical pain, torment, and suffering experienced by Plaintiff FLORES;

2. The reasonable expense of the necessary medical and hospital care received by Plaintiff FLORES for treatment of injuries sustained by him as a result of the occurrence in question; and

3. The reasonable amount of lost wages incurred by Plaintiff FLORES as a result of the injuries sustained by him resulting from the occurrence in question.

4. Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value.

5. Loss of Plaintiff's society, companionship, love, affection, comfort, protection and attention.

6. Loss of household services.

7. Loss of consortium.

8. Mental anguish.

## VIII.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure each of the Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## IX.

## DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiffs serve to Defendants the following:

1. Plaintiff Daniel Flores' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant NVL;

2. Plaintiff Daniel Flores' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant NHC;

3. Plaintiff Daniel Flores' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant FINKBINER; and

4. Plaintiff Daniel Flores' First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant GALLARDO.

## X.

## INTENT TO USE DISCOVERY DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per Texas Rules of Civil Procedure 193.7.

## XI.

## U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.

## JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fee.

## XIII.

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recovers judgment against Defendants for:

1. Plaintiff Daniel Flores' pain, torment, and suffering;

2. The reasonable expense of the necessary medical and hospital care received by Plaintiff Daniel Flores for treatment of injuries sustained by him as a result of the occurrence in question;

3. Plaintiffs' pecuniary loss in the past and future;

4. Plaintiffs' mental anguish in the past and future;

5. Interest on the judgment at the legal rate from the date of judgment;

6. Pre-judgment interest on Plaintiffs' damages as allowed by law;

7. All costs of court; and

8. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ELLIS & ORTEGA ATTORNEYS AT LAW**
By: */s/ Randy Ortega*
**RANDOLPH J. ORTEGA**
State Bar No. 00795570
randyortega@ellisandortega.com
609 Myrtle, Suite 100
El Paso, TX, 79901
915-542-1883 (phone)
915-542-3500(fax)
**ATTORNEYS FOR PLAINTIFF**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **UNION TRANSFER AND STORAGE, INC.**, who may be served with process through its registered agent **DONNA RICHARDSON at 1201 SERGEANT, JOPLIN, MO 64802**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 5**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 19th day of January, 2016, by Attorney at Law RANDOLPH J. ORTEGA, 609 MYRTLE, #100, EL PASO, TX 79901 in this case numbered **2016DCV0208** on the docket of said court, and styled:

**DANIEL FLORES**

**vs.**

**NATIONAL VAN LINES INC., NATIONAL HOLDING COMPANY, INC., FINKBINER TRANSFER & STORAGE, INC., UNION TRANSFER & STORAGE INC., GARY M. GALLARDO and STATE OF TEXAS DEPARTMENT OF TRANSPORTATION**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 26th day of January, 2016

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

Jessica Torres , Deputy

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____,2016, at _____ I mailed to

defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants attached thereto.

*NAME OF PREPARER                              TITLE

ADDRESS

CITY                    STATE              ZIP

TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____


                              El Paso County, Texas

               By:_____
                            Deputy District Clerk

                                OR

                      _____
                         Name of Authorized Person

               By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

                          Subscribed and sworn to be on this _____ day

                          of _____, _____.


                         _____

                         Notary Public, State of _____

                         My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  FINKBINER TRANSFER AND STORAGE COMPANY, who may be served with process through its registered agent JUDY C. HAYES at 2215 N. BURTON, SPRINGFIELD, MO 65803

Greetings:
You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 5**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.
Said Plaintiff's Petition was filed in said court on the 19th day of January, 2016, by Attorney at Law RANDOLPH J. ORTEGA, 609 MYRTLE, #100, EL PASO, TX 79901 in this case numbered **2016DCV0208** on the docket of said court, and styled:

**DANIEL FLORES**
vs.
**NATIONAL VAN LINES INC., NATIONAL HOLDING COMPANY, INC., FINKBINER TRANSFER & STORAGE, INC., UNION TRANSFER & STORAGE INC., GARY M. GALLARDO and STATE OF TEXAS DEPARTMENT OF TRANSPORTATION**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 26th day of January, 2016.

Attest:  NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 799

By _____, Deputy
Jessica Torres

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____,2016, at _____ I mailed to _____
_____
defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants attached thereto.

_____

*NAME OF PREPARER | TITLE
ADDRESS
CITY | STATE | ZIP

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____


                          El Paso County, Texas

By:_____
                 Deputy District Clerk

                     OR

_____
          Name of Authorized Person

By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

                        Subscribed and sworn to be on this _____ day

                        of _____, _____.


                        _____

                        Notary Public, State of _____

                        My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **NATIONAL HOLDING COMPANY, INC.**, who may be served with process through its registered agent **JAMES A. CHRISTMAN at 225 W. WACKER DRIVE, SUITE 2800, CHICAGO, IL 60606**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 5**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 19th day of January, 2016, by Attorney at Law RANDOLPH J. ORTEGA, 609 MYRTLE, #100, EL PASO, TX 79901 in this case numbered **2016DCV0208** on the docket of said court, and styled:

### DANIEL FLORES
### vs.
### NATIONAL VAN LINES INC., NATIONAL HOLDING COMPANY, INC., FINKBINER TRANSFER & STORAGE, INC., UNION TRANSFER & STORAGE INC., GARY M. GALLARDO and STATE OF TEXAS DEPARTMENT OF TRANSPORTATION

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 26th day of January, 2016

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

Jessica Torres

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____,2016, at _____ mailed to

defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants attached thereto.

| *NAME OF PREPARER | | TITLE |
| --- | --- | --- |
| ADDRESS | | |
| CITY | STATE | ZIP |

TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned
undelivered marked _____.

      This forwarding address was provided:_____


El Paso County, Texas

By:_____
          Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person
whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."

Subscribed and sworn to be on this _____ day
of _____, _____.


_____
Notary Public, State of _____
My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **NATIONAL VAN LINES, INC.**, who may be served with process through its registered agent **JOHN C. SIMS at 1208 BROADWAY, LUBBOCK, TX 79401**

Greetings:
You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 5**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.
Said Plaintiff's Petition was filed in said court on the 19th day of January, 2016, by Attorney at Law RANDOLPH J. ORTEGA, 609 MYRTLE, #100, EL PASO, TX 79901 in this case numbered **2016DCV0208** on the docket of said court, and styled:

**DANIEL FLORES**
**vs.**
**NATIONAL VAN LINES INC., NATIONAL HOLDING COMPANY, INC., FINKBINER TRANSFER & STORAGE, INC., UNION TRANSFER & STORAGE INC., GARY M. GALLARDO and STATE OF TEXAS DEPARTMENT OF TRANSPORTATION**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 26th day of January, 2016.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____ Deputy
Jessica Torres

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

*NAME OF PREPARER _____ TITLE _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____,2016, at _____ I mailed to
_____
defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants attached thereto.

_____

TITLE _____

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____


El Paso County, Texas

By:_____
           Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.


_____
Notary Public, State of _____
My commission expires:_____

IN THE COUNTY COURT AT LAW #5

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| DANIEL FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2016DCV0208 |
| | ) | |
| NATIONAL VAN LINES, INC., | ) | |
| NATIONAL HOLDING COMPANY | ) | |
| INC., FINKBINER TRANSFER & | ) | |
| STORAGE, INC., GARY M. GALLARDO | ) | |
| and STATE OF TEXAS DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANT GARY M. GALLARDO'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Gary M. Gallardo, referred to herein as "Defendant", files this, his Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. General Denial

1.      In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each allegation in Plaintiff's Original Petition and demands strict proof of same.

### II. Right to Amend

2.      Defendant reserves the right to amend this Answer at a later date.

### III. Affirmative Defenses

3.      In addition, in the alternative, and without waiving any other claim or defense, to the extent that Plaintiff has failed to mitigate his damages, then any claim for damages is barred.

4.      In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts the applicable statutory cap(s) on damages for any and all claims raised by Plaintiff.

5.      In addition, in the alternative, and without waiving any other claim or defense, Plaintiff did not suffer any injury (in whole or in part) as a result of any act or omission of the Defendant.

6.      In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts that the damage in question was caused by the negligence of Plaintiff, that the negligent conduct of Plaintiff was the sole cause of the damage in question, or, in the alternative, that the conduct of Plaintiff was a proximate cause of the damage in question

7.      In addition, in the alternative, and without waiving any other claim or defense, Defendant asserts that Plaintiff's alleged injuries and damages, if any, resulted from an intervening, superseding or new and independent and/or sole cause which was not reasonably foreseeable by Defendant.

8.      In addition, in the alternative, and without waiving any other right or defense, Defendant asserts that the sole proximate cause of Plaintiff's alleged damages, if any, was the negligence or fault of individuals or entities other than Defendant over which Defendant had no right of control.

9.      Pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Defendant is entitled to an offset, credit, or percentage reduction based upon a determination of fault of all persons and tortfeasors.

10.     In addition, in the alternative, and without waiving any other right or defense, Defendant asserts that Plaintiff's damages and injuries, if any, were caused, in whole or in part,

by an unavoidable accident, and thus unconnected to and independent of any conduct on the part

of Defendant.

### IV.  Request for Relief

For these reasons, Defendant prays that the relief Plaintiff seeks be denied, that Plaintiff

take nothing by this suit, and that Defendant recover costs and such further relief, general or

special, at law or in equity, to which he is justly entitled.

Respectfully submitted,

**SCOTTHULSE, P.C.**
1100 Chase Tower
201 East Main Drive
P.O. Box 99123
El Paso, TX   79999-9123
Telephone (915) 533-2493
Telecopier (915) 546-8333

By:*/s/ M. Mitchell Moss*
   **M. MITCHELL MOSS**
   State Bar No. 00784647
   mmos@scotthulse.com
   **PRISCILLA MARQUEZ**
   State Bar No. 24076531
   pmar@scotthulse.com
   Attorneys for Defendant
   Gary M. Gallardo

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a(e), I, M. Mitchell Moss, certify that on this 3rd day of March, 2016, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21(f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a(a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a(a)(2).

The following parties or attorney(s) are served with the foregoing document:

Randolph Ortega
Ellis & Ortega Attorneys at Law
609 Myrtle, Suite 100
El Paso, Texas 79901
Attorney for Plaintiffs

Darryl S. Vereen
Mounce Green Myers
100 N. Stanton St., 10th Floor (79901)
P.O. Drawer 1977 (79950-1977)
El Paso,  Texas
Attorney for Defendants Finkbiner Transfer & Storage Company, National Holding Company, Inc. and National Van Lines, Inc.

Mr. John Seth Johnson
Office of the Attorney General
300 W. 15th St.
Austin, Texas 78701
Attorney for State of Texas Department of Transportation

/s/ M. Mitchell Moss
**M. MITCHELL MOSS**

1071593.1                                    4

Norma L. Favela
District Clerk
El Paso County
2016DCV0208

CAUSE NO. 2016DCV0208

| | | |
|---|---|---|
| **DANIEL FLORES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **NATIONAL VAN LINES, INC.,** | § | **EL PASO COUNTY, TEXAS** |
| **NATIONAL HOLDING COMPANY,** | § | |
| **INC., UNION TRANSFER &** | § | |
| **STORAGE, INC., UNION TRANSFER** | § | |
| **& STORAGE, INC., GARY M.** | § | |
| **GALLARDO and STATE OF TEXAS** | § | |
| **DEPARTMENT OF** | § | |
| **TRANSPORTATION** | § | |
| | § | |
| **Defendants.** | § | |
| | § | **COUNTY COURT AT LAW NO. 5** |

## ENTRY OF APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes VICTOR BIEGANOWSKI and hereby files this appearance as attorney of record for Plaintiff DANIEL FLORES.

Respectfully submitted,

Ortega McGlashan Hicks & Perez, PLLC

By: _____
Victor J. Bieganowski
Texas Bar No. 02301100
Email: victorbieganowski@ellisandortega.com
609 Myrtle Ave., Ste. 100
El Paso, Texas 79901
Tel. (915) 542-1883
Fax. (915) 542-3500
Attorney for Plaintiff
DANIEL FLORES

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above foregoing document was delivered to all parties involved, on even date with filing hereof.

Victor J. Bieganowski

IN THE 205TH DISTRICT COURT OF
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **DANIEL FLORES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CAUSE NO.: 2016DCV0208** |
| | § | |
| **NATIONAL VAN LINES, INC.,** | § | |
| **NATIONAL HOLDING COMPANY,** | § | |
| **INC., FINKBINER TRANSFER &** | § | |
| **STORAGE, INC., GARY M.** | § | |
| **GALLARDO and STATE OF TEXAS** | § | |
| **DEPARTMENT OF** | § | |
| **TRANSPORTATION,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF FILING RULE 11 AGREEMENT

Counsel for Defendant Gary M. Gallardo pursuant to the Texas Rules of Civil Procedure,

files the attached Rule 11 Agreement.

Respectfully submitted,

**SCOTTHULSE, P.C.**
1100 Chase Tower
201 East Main Drive
P.O. Box 99123
El Paso, TX   79999-9123
Telephone (915) 533-2493
Telecopier (915) 546-8333

By: */s/ Priscilla Marquez*
    **M. MITCHELL MOSS**
    State Bar No. 00784647
    mmos@scotthulse.com
    **PRISCILLA MARQUEZ**
    State Bar No. 24076531
    pmar@scotthulse.com
    Attorneys for Defendant
    Gary M. Gallardo

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a(e), I, Priscilla Marquez, certify that on this 23rd day of March, 2016, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21(f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a(a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a(a)(2).

The following parties or attorney(s) are served with the foregoing document:

Randolph Ortega
Ellis & Ortega Attorneys at Law
609 Myrtle, Suite 100
El Paso, Texas 79901
Attorney for Plaintiffs

Darryl S. Vereen
Mounce Green Myers
100 N. Stanton St., 10th Floor (79901)
P.O. Drawer 1977 (79950-1977)
El Paso, Texas
Attorney for Defendants Finkbiner Transfer & Storage Company, National Holding Company, Inc. and National Van Lines, Inc.

Mr. John Seth Johnson
Office of the Attorney General
300 W. 15th St.
Austin, Texas 78701
Attorney for State of Texas Department of Transportation

/s/ *Priscilla Marquez*
**PRISCILLA MARQUEZ**



# ScottHulse PC
## ATTORNEYS AT LAW

**PRISCILLA MARQUEZ**

DIRECT TELEPHONE (915) 546-8209
pmar@scotthulse.com

SCOTTHULSE.COM

1100 CHASE TOWER
201 EAST MAIN DRIVE
EL PASO, TEXAS 79901

POST OFFICE BOX 99123
EL PASO, TEXAS 79999-9123
TELEPHONE (915) 533-2493
TELECOPIER (915) 546-8333

OFFICES IN EL PASO AND LAS CRUCES

March 21, 2016

**_VIA Email_**
Randyortega@ellisandortega.com
Victorbieganowski@ellisandortega.com

Randy Ortega and Victor Bieganowski
Ortega McGlashan Hicks & Perez
609 Myrtle Ave., Ste. 100
El Paso, TX 79901

      Re:    *Daniel Flores v. National Van Lines, Inc., et al.,* Cause No. 2016-DCV0208,
County Court at Law No. 5, El Paso County, Texas

Dear Counsel:

This letter will reflect your agreement to provide Defendant Gary M. Gallardo in the above referenced matter an extension until April 8, 2016, in which to provide responses and objections to Plaintiff's Request for Disclosure, First Request for Production, First Request for Admission, and First Set of Interrogatories.

If the foregoing reflects our agreement, please sign in the space indicated, and return this letter to my office. We will see that it is filed in accordance with Rule 11 of the Texas Rules of Civil Procedure.

Thank you for your assistance and cooperation in regard to this matter. Should you have any questions or comments, please do not hesitate to contact our office.

Sincerely,

Priscilla Marquez
For the Firm

_____
Randy S. Ortega
Victor Bieganowski

1072835.1

**The Value of Commitment** ™

CAUSE NO. 2016DCV0208

| | | |
|---|---|---|
| **DANIEL FLORES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **NATIONAL VAN LINES, INC.,** | § | **EL PASO COUNTY, TEXAS** |
| **NATIONAL HOLDING COMPANY,** | § | |
| **INC., UNION TRANSFER &** | § | |
| **STORAGE, INC., UNION TRANSFER** | § | |
| **& STORAGE, INC., GARY M.** | § | |
| **GALLARDO and STATE OF TEXAS** | § | |
| **DEPARTMENT OF** | § | |
| **TRANSPORTATION** | § | |
| | § | |
| **Defendants.** | § | |
| | § | **COUNTY COURT AT LAW NO. 5** |

## <u>RULE 11 AGREEMENT</u>

Victor Bieganowski, counsel for DANIEL FLORES, and DARRYL S VEREEN, counsel

for Finkbiner Transfer & Storage Company, have entered into an agreement whereby the

Defendant and the Defendant's attorney have agreed to extend the time for the Plaintiff

DANIEL FLORES to file objections and to respond to Defendant's written discovery in the

above-styled case, which includes Defendant's Request for Disclosure, Interrogatories, and

Request for Production to be due one week from today on or by April 4, 2016.

VICTOR J. BIEGANOWSKI, P.C.
State Bar No. 02301100
609 Myrtle Ste. 100
El Paso, Texas 79901
(915) 542-1883
(915) 542-3500 (Facsimile)
victorbieganowski@ellisandortega.com
Attorney for Plaintiff

DARRYL S. VEREEN                    3/28/16
State Bar No. 00785148
100 N. Stanton, Suite 1700
El Paso, Texas 79901
(915) 532-2000
(915) 541-1597 (Facsimile)
Vereen@mgmsg.com
Attorney for Defendant

Norma L. Favela
District Clerk
El Paso County
2016DCV0208

IN THE COUNTY COURT AT LAW #5

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| DANIEL FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2016DCV0208 |
| | ) | |
| NATIONAL VAN LINES, INC., | ) | |
| NATIONAL HOLDING COMPANY | ) | |
| INC., FINKBINER TRANSFER & | ) | |
| STORAGE, INC., GARY M. GALLARDO | ) | |
| and STATE OF TEXAS DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendants. | | |

## <u>NOTICE OF FILING RULE 11 AGREEMENT</u>

Pursuant to the Texas Rules of Civil Procedure, counsel for Defendant Gary M. Gallardo

files the attached Rule 11 Agreement.

Respectfully submitted,

**SCOTTHULSE, P.C.**
1100 Chase Tower
201 East Main Drive
P.O. Box 99123
El Paso, TX   79999-9123
Telephone (915) 533-2493
Telecopier (915) 546-8333

By: */s/ Priscilla Marquez*
    **M. MITCHELL MOSS**
    State Bar No. 00784647
    mmos@scotthulse.com
    **PRISCILLA MARQUEZ**
    State Bar No. 24076531
    pmar@scotthulse.com
    Attorneys for Defendant
    Gary M. Gallardo

1073182.1

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a(e), I, Priscilla Marquez, certify that on this 7th day of April, 2016, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21(f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a(a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a(a)(2).

The following parties or attorney(s) are served with the foregoing document:

Randolph Ortega
Ellis & Ortega Attorneys at Law
609 Myrtle, Suite 100
El Paso, Texas 79901
Attorney for Plaintiffs

Darryl S. Vereen
Mounce Green Myers
100 N. Stanton St., 10th Floor (79901)
P.O. Drawer 1977 (79950-1977)
El Paso,  Texas
Attorney for Defendants Finkbiner Transfer &
Storage Company, National Holding
Company, Inc. and National Van Lines, Inc.

Mr. John Seth Johnson
Office of the Attorney General
300 W. 15th St.
Austin, Texas 78701
Attorney for State of Texas Department of
Transportation

*/s/ Priscilla Marquez*
**PRISCILLA MARQUEZ**

From:

# ScottHulse PC
## ATTORNEYS AT LAW

**PRISCILLA MARQUEZ**

DIRECT TELEPHONE (915) 546-8209
pmar@scotthulse.com

SCOTTHULSE.COM

1100 CHASE TOWER
201 EAST MAIN DRIVE
EL PASO, TEXAS 79901

POST OFFICE BOX 99123
EL PASO, TEXAS 79999-9123
TELEPHONE (915) 533-2493
TELECOPIER (915) 546-8333

OFFICES IN EL PASO AND LAS CRUCES

April 7, 2015

*VIA Email*
Randyortega@ellisandortega.com
Victorbieganowski@ellisandortega.com

Randy Ortega and Victor Bieganowski
Ortega McGlashan Hicks & Perez
609 Myrtle Ave., Ste. 100
El Paso, TX 79901

Re:   *Daniel Flores v. National Van Lines, Inc., et al.,* Cause No. 2016-DCV0208,
County Court at Law No. 5, El Paso County, Texas

Dear Counsel:

Would you please be so kind as to provide Defendant Gary M. Gallardo in the above referenced matter an extension until April 21, 2016, in which to provide responses and objections to Plaintiff's Request for Disclosure, First Request for Production, First Request for Admission, and First Set of Interrogatories.

If you are in agreement with the foregoing, please sign in the space indicated, and return this letter to my office. We will see that it is filed in accordance with Rule 11 of the Texas Rules of Civil Procedure.

Thank you for your assistance and cooperation in regard to this matter. Should you have any questions or comments, please do not hesitate to contact our office.

Sincerely,

Priscilla Marquez
For the Firm

**Randy S. Ortega**
**Victor Bieganowski**

The Value of Commitment ™

Filed 4/8/2016 10:16:55 AM
Norma L. Favela
District Clerk
El Paso County
2016DCV0208

NO. 2016DCV0208

| | | |
|---|---|---|
| DANIEL FLORES | § | IN THE COUNTY COURT AT LAW |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. FIVE |
| | § | |
| NATIONAL VAN LINES, INC., | § | |
| NATIONAL HOLDING COMPANY, | § | |
| INC., FINKBINER TRANSFER & | § | |
| STORAGE, INC., GARY M. | § | |
| GALLARDO AND TEXAS | § | |
| DEPARTMENT OF | § | |
| TRANSPORTATION | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

## PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY
## DIRECTED TO DEFENDANT FINKBINER TRANSFER & STORAGE, INC.

Plaintiff, DANIEL FLORES, files this Certificate of Written Discovery Directed to the Defendant, FINKBINER TRANSFER & STORAGE, INC., pursuant to the applicable local rule and states that the discovery set forth below was served upon the following party on March 31, 2016:

FINKBINER TRANSFER & STORAGE, INC., Defendant, by and through Defendant's attorney of record, DARRYL VEREEN, 100 N. STANTON, SUITE 1700, EL PASO, TEXAS, 79901.

### Discovery Served

1. Interrogatories - First set
2. Request for admissions - First set
3. Request for Production - First set
4. Request for Disclosure - First set

Respectfully submitted,

By: _____
VICTOR J. BIEGANOWSKI
Texas Bar No. 02301100
Email:
victorbieganowski@ellisandortega.com
609 Myrtle Ave., Ste. 100
El Paso, Texas 79901
Tel. (915) 542-1883

Fax. (915) 542-3500
Attorney for Plaintiff
DANIEL FLORES

## CERTIFICATE OF SERVICE

I certify that on April 5, 2016 a true and correct copy of Plaintiff's Certificate of Written Discovery was served to each person listed below by the method indicated.

_____
VICTOR J. BIEGANOWSKI

DARRYL VEREEN
Attorney for NATIONAL VAN LINES, INC., NATIONAL HOLDING COMPANY, INC. and
FINKBINER TRANSFER & STORAGE, INC.
100 N Stanton St # 1700
El Paso, Texas 79901
TEL: 915-532-200
FAX: 915-541-1597
By Fax


MARION M. MOSS
Attorney for GARY M. GALLARDO
1100 Chase Tower , 201 E Main St
El Paso, Texas 79901
TEL: 915-533-2493
FAX: 915-546-8333
By Fax


JOHN SETH JOHNSTON
Attorney for TEXAS DEPARTMENT OF TRANSPORTATION
TEL: 512-463-2004
FAX:512-472-3855
300 WEST FIFTEENTH ST 14TH FLOOR
AUSTIN, TEXAS 78701
By Fax

NO. <u>2016DCV0208</u>

| | | |
|---|---|---|
| **DANIEL FLORES**<br>**Plaintiff,** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| | § | |
| **V.** | § | **NO. FIVE** |
| | § | |
| **NATIONAL VAN LINES, INC.,** | § | |
| **NATIONAL HOLDING COMPANY,** | § | |
| **INC., FINKBINER TRANSFER &** | § | |
| **STORAGE, INC., GARY M.** | § | |
| **GALLARDO and TEXAS** | § | |
| **DEPARTMENT OF** | § | |
| **TRANSPORTATION** | § | |
| **Defendants.** | § | **EL PASO COUNTY, TEXAS** |

## <u>PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY</u>
## <u>DIRECTED TO DEFENDANT NATIONAL VAN LINES, INC.</u>

Plaintiff, DANIEL FLORES, files this Certificate of Written Discovery Directed to the Defendant, NATIONAL VAN LINES, INC., pursuant to the applicable local rule and states that the discovery set forth below was served upon the following party on March 31, 2016:

NATIONAL VAN LINES, INC., Defendant, by and through Defendant's attorney of record, DARRYL VEREEN, 100 N. STANTON, SUITE 1700, EL PASO, TEXAS, 79901.

### <u>Discovery Served</u>

1. Interrogatories - First set
2. Request for admissions - First set
3. Request for Production - First set
4. Request for Disclosure - First set

Respectfully submitted,

By: _____
VICTOR J. BIEGANOWSKI
Texas Bar No. 02301100
Email:
victorbieganowski@ellisandortega.com
609 Myrtle Ave., Ste. 100
El Paso, Texas 79901
Tel. (915) 542-1883

Fax. (915) 542-3500
Attorney for Plaintiff
DANIEL FLORES

## CERTIFICATE OF SERVICE

I certify that on April 5, 2016 a true and correct copy of Plaintiff's Certificate of Written Discovery was served to each person listed below by the method indicated.

VICTOR J. BIEGANOWSKI

DARRYL VEREEN
Attorney for NATIONAL VAN LINES, INC., NATIONAL HOLDING COMPANY, INC. and
FINKBINER TRANSFER & STORAGE, INC.
100 N Stanton St # 1700
El Paso, Texas 79901
TEL:  915-532-200
FAX:  915-541-1597
By Fax


MARION M. MOSS
Attorney for GARY M. GALLARDO
1100 Chase Tower , 201 E Main St
El Paso, Texas 79901
TEL:  915-533-2493
FAX:  915-546-8333
By Fax


JOHN SETH JOHNSTON
Attorney for TEXAS DEPARTMENT OF TRANSPORTATION
TEL: 512-463-2004
FAX:512-472-3855
300 WEST FIFTEENTH ST 14TH FLOOR
AUSTIN, TEXAS 78701
By Fax

NO. <u>2016DCV0208</u>

| | | |
|---|---|---|
| **DANIEL FLORES**<br>**Plaintiff,** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| | § | |
| **V.** | § | **NO. FIVE** |
| | § | |
| **NATIONAL VAN LINES, INC.,** | § | |
| **NATIONAL HOLDING COMPANY,** | § | |
| **INC., FINKBINER TRANSFER &** | § | |
| **STORAGE, INC., GARY M.** | § | |
| **GALLARDO AND TEXAS** | § | |
| **DEPARTMENT OF** | § | |
| **TRANSPORTATION** | § | |
| **Defendants.** | § | **EL PASO COUNTY, TEXAS** |

<u>**PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY**</u>
<u>**DIRECTED TO DEFENDANT NATIONAL HOLDING COMPANY, INC.**</u>

Plaintiff, DANIEL FLORES, files this Certificate of Written Discovery Directed to the Defendant, NATIONAL HOLDING COMPANY, INC., pursuant to the applicable local rule and states that the discovery set forth below was served upon the following party on March 31, 2016:

NATIONAL HOLDING COMPANY, INC., Defendant, by and through Defendant's attorney of record, DARRYL VEREEN, 100 N. STANTON, SUITE 1700, EL PASO, TEXAS, 79901.

<u>Discovery Served</u>

1.   Interrogatories - First set
2.   Request for admissions - First set
3.   Request for Production - First set
4.   Request for Disclosure - First set

Respectfully submitted,

By: _____
VICTOR J. BIEGANOWSKI
Texas Bar No. 02301100
Email:
victorbieganowski@ellisandortega.com
609 Myrtle Ave., Ste. 100
El Paso, Texas 79901
Tel. (915) 542-1883

Fax. (915) 542-3500
Attorney for Plaintiff
DANIEL FLORES

## CERTIFICATE OF SERVICE

I certify that on April 5, 2016 a true and correct copy of Plaintiff's Certificate of Written Discovery was served to each person listed below by the method indicated.

VICTOR J. BIEGANOWSKI

DARRYL VEREEN
Attorney for NATIONAL VAN LINES, INC., NATIONAL HOLDING COMPANY, INC. and FINKBINER TRANSFER & STORAGE, INC.
100 N Stanton St # 1700
El Paso, Texas 79901
TEL: 915-532-200
FAX: 915-541-1597
By Fax


MARION M. MOSS
Attorney for GARY M. GALLARDO
1100 Chase Tower , 201 E Main St
El Paso, Texas 79901
TEL: 915-533-2493
FAX: 915-546-8333
By Fax


JOHN SETH JOHNSTON
Attorney for TEXAS DEPARTMENT OF TRANSPORTATION
TEL: 512-463-2004
FAX:512-472-3855
300 WEST FIFTEENTH ST 14TH FLOOR
AUSTIN, TEXAS 78701
By Fax

NO. <u>2016DCV0208</u>

| | | |
|---|---|---|
| **DANIEL FLORES** | § | **IN THE COUNTY COURT AT LAW** |
| Plaintiff, | § | |
| | § | |
| **V.** | § | **NO. FIVE** |
| | § | |
| **NATIONAL VAN LINES, INC.,** | § | |
| **NATIONAL HOLDING COMPANY,** | § | |
| **INC., FINKBINER TRANSFER &** | § | |
| **STORAGE, INC., GARY M.** | § | |
| **GALLARDO AND TEXAS** | § | |
| **DEPARTMENT OF** | § | |
| **TRANSPORTATION** | § | |
| Defendants. | § | **EL PASO COUNTY, TEXAS** |

### <u>PLAINTIFF'S REQUESTS FOR DISCLOSURE</u>

To:  FINKBINER TRANSFER & STORAGE, INC., Defendant, by and through its attorney of record, DARRYL VEREEN, 100 N Stanton St # 1700, El Paso, Texas 79901.

Pursuant to rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within thirty days of service of this request, the information or material described in rule 194.2(a)-(i).

VICTOR J. BIEGANOWSKI
Attorney for Plaintiff DANIEL FLORES
State Bar No.: 02301100
Email:  victorbieganowski@ellisandortega.com
609 Myrtle Ave., Ste. 100
El Paso, Texas 79901
Tel. (915) 542-1883
Fax. (915) 542-3500

## CERTIFICATE OF SERVICE

I certify that on April 5, 2016 a true and correct copy of Plaintiff's Requests for Disclosure was served to each person listed below by the method indicated.

VICTOR J. BIEGANOWSKI

DARRYL VEREEN
Attorney for NATIONAL VAN LINES, INC., NATIONAL HOLDING COMPANY, INC. and
FINKBINER TRANSFER & STORAGE, INC.
100 N Stanton St # 1700
El Paso, Texas 79901
TEL: 915-532-200
FAX: 915-541-1597
By Fax


MARION M. MOSS
Attorney for GARY M. GALLARDO
1100 Chase Tower , 201 E Main St
El Paso, Texas 79901
TEL: 915-533-2493
FAX: 915-546-8333
By Fax


JOHN SETH JOHNSTON
Attorney for TEXAS DEPARTMENT OF TRANSPORTATION
TEL: 512-463-2004
FAX:512-472-3855
300 WEST FIFTEENTH ST 14TH FLOOR
AUSTIN, TEXAS 78701
By Fax

04/14/2016  14:35    915-543-3861                    EL PASO COUNTY CRT 5              PAGE  02/03
04/14/2016  11:44    5124723966                     OAG TRN                          PAGE  02/03

NO. 2016-DCV0208

| | |
|---|---|
| DANIEL FLORES | IN THE COUNTY COURT |
| v. | |
| NATIONAL VAN LINES, INC., NATIONAL HOLDING COMPANY, INC., FINKBINER TRANSFER & STORAGE, INC., UNION TRANSFER & STORAGE, INC., GARY M. GALLARDO AND STATE OF TEXAS DEPARTMENT OF TRANSPORTATION | AT LAW NO. 5 |
| | OF EL PASO COUNTY, TEXAS |

## AGREED ORDER TO TRANSFER

On this day came on for consideration the motions to transfer this cause filed by Defendants Texas Department of Transportation and National Van Lines, Inc. The Court finds that the parties have reached an agreement to transfer this cause to Hudspeth County as evidenced by the signatures of counsel below, and the Court finds that Hudspeth County is the proper county of venue as the cause of action accrued in Hudspeth County.

Accordingly, IT IS ORDERED that the Defendants' motions to transfer be and are hereby granted. IT IS FURTHER ORDERED that this cause of action be transferred to the District Court of Hudspeth County, costs to be borne by the Plaintiff.

Signed this ____ day of April, 2016

Judge Presiding

04/14/2016  14:35      915-543-3861          EL PASO COUNTY CRT 5              PAGE  03/03
   04/14/2016  11:44     5124723866            DAG TRN                          PAGE  03/03

AGREED TO:

Victor Bieganowski
Gabriel Perez
ORTEGA MCGLASHAN HICKS
& PEREZ, PLLC
Attorneys for Plaintiff Daniel Flores

Darryl S. Vereen
Shannon C. Rhoads
MOUNCE GREEN MYERS
SAFI, PAXSON & GALATZAN, P.C.
Attorneys for Defendants Finkbiner Transfer
& Storage Company, National Holding
Company, Inc., and National Van Lines, Inc.

M. Mitchell Moss
Priscilla Marquez
SCOTT HULSE, P.C.
Attorneys for Defendant Gary M. Gallardo

John Seth Johnson
ASSISTANT ATTORNEY GENERAL
TRANSPORTATION DIVISION
Attorney for Defendant
Texas Department of Transportation





## NORMA L. FAVELA
District Clerk
El Paso County
500 E. San Antonio St., Suite 103
El Paso, TX 79901-2457
(915) 546-2021

April 19, 2016

Virginia Doyal
P.O. Box 58
Sierra Blanca, TX 79851

RE:   2016DCV0208 - DANIEL FLORES vs. NATIONAL VAN LINES INC., NATIONAL HOLDING
COMPANY, INC., FINKBINER TRANSFER & STORAGE, INC., GARY M. GALLARDO and STATE
OF TEXAS DEPARTMENT OF TRANSPORTATION

Dear Honorable District Clerk Virginia Doyal :

In accordance with the order of the court, we are transferring the papers in the above cause of action from
the County Court at Law Number 5 of El Paso County, Texas to the District Court of Hudspeth County,
Texas.

All costs incurred to date in this office have *not* been paid.

Enclosed please find the following documents as per attached docket sheet.

Please file-mark and sign the copy of this letter and return it to us for our files.  If we can be of any further
assistance, please contact me.  Thank you.

Sincerely,

Jessica Torres, Deputy Clerk

cc:  Victor J. Bieganowski





## NORMA L. FAVELA
### DISTRICT CLERK
District Clerk
El Paso County
500 E. San Antonio St. Suite 103
El Paso, Texas 79901-2457
(915) 546-2021

# BILL OF COST

DANIEL FLORES
vs.
NATIONAL VAN LINES INC., NATIONAL HOLDING COMPANY, INC., FINKBINER TRANSFER &
STORAGE, INC., GARY M. GALLARDO and STATE OF TEXAS DEPARTMENT OF
TRANSPORTATION

Court: **County Court at Law Number 5**
Cause Number: **2016DCV0208**

| | | Initial Fees | Balance |
|---|---|---|---|
| DCAPPEAL | DC Court of Appeals Fee - Eighth District of Texas Court | 5.00 | 0.00 |
| DCADRFEE | DC Alternative Dispute Resolution Fee | 15.00 | 0.00 |
| DCCITISS | DC Citation Issuance | 56.00 | 0.00 |
| DCCLKFEE | DC Clerk Fee | 50.00 | 0.00 |
| DCCOPY | DC Copies | 118.50 | 118.50 |
| DCCTYRM | DC County Records Management Fee | 5.00 | 0.00 |
| DCRECFEE | DC Court Records Preservation Fee | 10.00 | 0.00 |
| DCCOURTR | DC Court Reporter Fee | 30.00 | 0.00 |
| DCSECURE | DC Courthouse Security | 5.00 | 0.00 |
| DCINDIG | DC Indigency Fund Fee | 10.00 | 0.00 |
| DCLAWLIB | DC Law Library Fee | 35.00 | 0.00 |
| DCRECTCH | DC Records Management - Technology Fund | 10.00 | 0.00 |
| DCRECMGT | DC Records Management Fee | 5.00 | 0.00 |
| DCSJFS | DC State Judiciary Fund Support Fee | 42.00 | 0.00 |
| TJFUND-CC | DC Texas Judicial Fund for Statutory County Courts | 40.00 | 0.00 |
| SEFSF | State eFiling System Fund | 30.00 | 0.00 |
| | Total | 466.50 | 118.50 |

| | | Initial Fees | Balance |
|---|---|---|---|
| | | 0.00 | 0.00 |
| | Total | 0.00 | 0.00 |

# NORMA L. FAVELA
### DISTRICT CLERK
District Clerk
El Paso County
500 E. San Antonio St. Suite 103
El Paso, Texas 79901-2457
(915) 546-2021

| Code | | Description | Total Fees | Balance |
|------|--|-------------|------------|---------|
| | | | 0.00 | 0.00 |
| | Total | | 0.00 | 0.00 |

| Code | | Description | Total Fees | Balance |
|------|--|-------------|------------|---------|
| | | | 0.00 | 0.00 |
| | Total | | 0.00 | 0.00 |

| Code | | Description | Total Fees | Balance |
|------|--|-------------|------------|---------|
| | | | 0.00 | 0.00 |
| | Total | | 0.00 | 0.00 |

| Code | Description | Fees/Payments or Collection Fees | Total Fees | Balance |
|------|-------------|----------------------------------|------------|---------|
| | | | 0.00 | 0.00 |
| | Total | | 0.00 | 0.00 |

I hereby certify the following is a correct account of the costs in the above-entitled and numbered suit up to this date.  Witness my hand and seal of said Court, affixed at office in the County of El Paso, State of Texas, on the 19th day of April, 2016.

*NORMA L. FAVELA, District Clerk*
El Paso County, Texas

BY: Jessica Torres
Jessica Torres, Deputy

Revised Civil Statutes, Art. 1,401, amended so that oath in forma pauperis may be contested by officers of the court, and the issue tried as to ability of the party to give bond for costs.

Article 1,420a reads:  It shall be lawful for Clerks of the District and County Courts and Justice of the Peace to demand Payment of all Costs due in each and every case pending in their respective courts, days after such demand the Clerk or Justice may place certified copy up to the adjournment of each term of said courts.

Article 1,420b provides:  Ten days after such demand the Clerk or Justice may place certified copy of Bill of Costs then due in the hands of the Sheriff or Constable for collection, which shall have force and effect of an execution. Taking an appeal does not interfere or suspend the right.

Article 1,420c authorizes levy and sale but no costs or charges allowed for making out certified Bill Costs or for collection, unless levy is made.



NORMA L. FAVELA
DISTRICT CLERK

## PAST DUE NOTICE

### YOUR PAYMENT ON COURT COST, FINES AND / OR FEES IS DELINQUENT

April 19, 2016

VICTOR J. BIEGANOWSKI
609 MYRTLE AVENUE
SUITE 100
EL PASO, TX 79901

RE:   **2016DCV0208** - DANIEL FLORES vs. NATIONAL VAN LINES INC., NATIONAL HOLDING COMPANY, INC., FINKBINER TRANSFER & STORAGE, INC., GARY M. GALLARDO and STATE OF TEXAS DEPARTMENT OF TRANSPORTATION

According to our records, your payment of **$118.50** has not been received for copies and certification of order. Review the overdue amounts and please make prompt payment.

Court: **County Court at Law Number 5**          Cause Number: **2016DCV0208**

| | | | |
|---|---|---|---|
| DCCOPY | DC Copies | 113.50 | 113.50 |
| DCCRTCPY | DC Certified Copies | 5.00 | 5.00 |
| | Total | 118.50 | **118.50** |

You must contact this office within 5 days of the date of this letter to avoid further action.  Government Code.Sec.51.317 (a) states fees are to be collected at time of service.  Services will no longer be processed if payment is not made at the time of filing.  If you have any questions, contact Dalia Amezaga at (915) 546-2021 ext. 4506.  Thank you for your assistance in this matter.

Jessica Torres, Deputy Clerk

Are you efiling today?
Point. Click. Done.
No lines. No rush. No paper. No problems.
Now you can file your civil court documents online, 24/7.
Find out more information today at ww.TexasOnline.com/efiling or call us at 915.546.2021.





FILED
NORMA L. FAVELA
DISTRICT CLERK
2016 APR 19 PM 2: 37
EL PASO COUNTY, TEXAS
BY_____ DEPUTY

**NORMA L. FAVELA**
District Clerk
El Paso County
500 E. San Antonio St., Suite 103
El Paso, TX 79901-2457
(915) 546-2021

04/19/2016

VICTOR J. BIEGANOWSKI
609 MYRTLE AVENUE
SUITE 100
EL PASO, TX 79901

RE: **2016DCV0208**
     DANIEL FLORES vs. NATIONAL VAN LINES INC., NATIONAL HOLDING COMPANY,
INC., FINKBINER TRANSFER & STORAGE, INC., GARY M. GALLARDO and STATE OF TEXAS
DEPARTMENT OF TRANSPORTATION

STATEMENT OF ADDITIONAL DEPOSIT

A deposit of $118.50 is requested in the above-styled and numbered cause. This is the cost for **COPIES
& CERTIFICATION OF ORDER.**

Sincerely,

_____, Deputy Clerk
Jessica Torres

7-12-16

NO. CV-04576-205

| | | |
|---|---|---|
| DANIEL FLORES | § | IN THE ~~304TH~~  2054 |
| | § | |
| v. | § | |
| | § | |
| NATIONAL VAN LINES, INC., | § | |
| NATIONAL HOLDING COMPANY, INC., | § | DISTRICT COURT |
| FINKBINER TRANSFER & STORAGE, | § | |
| INC., UNION TRANSFER & STORAGE, | § | |
| INC., GARY M. GALLARDO AND STATE | § | |
| OF TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | OF HUDSPETH COUNTY, TEXAS |

## DEFENDANT THE TEXAS DEPARTMENT OF TRANSPORTATION'S
## MOTION TO DISMISS FOR LACK OF JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Texas Department of Transportation ("TxDOT"), defendant in the above numbered and styled cause of action, and files this its Plea to the Jurisdiction, and moves this Court to dismiss with prejudice Plaintiff Daniel Flores' ("Flores") claims against TxDOT in their entirety, and would respectfully show the Court as follows:

### I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Flores has brought this suit against TxDOT seeking damages for personal injuries allegedly sustained during a motor vehicle collision on March 1, 2014 on Interstate 10 in Hudspeth County, Texas near the United States Border Patrol Checkpoint (the "Accident").  Plaintiff's Original Petition at IV, V. Flores asserts a negligence cause of action against TxDOT, alleging that TxDOT's design, construction, repair, and maintenance of Interstate 10 caused the Accident.[1] Pet. at VI, ¶ E.  Flores, however, failed to comply with the mandatory requirements of the Texas Tort

---

[1] Flores does not specify how TxDOT was negligent or how this purported negligence caused the Accident, but rather, the sum total of Flores' factual allegations against TxDOT are merely that it built a road, upon which an accident occurred.

1

Claims Act—specifically the Act's notice provision—and accordingly, this Court lacks jurisdiction over his claims against TxDOT.

## II.    LEGAL STANDARD

"State agencies like TxDOT are immune from liability in Texas unless the Legislature waives that immunity." *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 641 (Tex. 2004); *see also Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005) (doctrine of governmental immunity shields a governmental entity from liability for the negligence of its employees absent a waiver of that immunity).

Governmental immunity from suit defeats a court's subject matter jurisdiction, and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638–639 (Tex. 1999).   The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004).

In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).   The burden is on the plaintiff to allege facts affirmatively demonstrating the trial court's subject matter jurisdiction over the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44, 446 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226.

In a plea to the jurisdiction, a party may challenge the pleadings, the existence of jurisdictional facts, or both. *Miranda*, 133 S.W.3d at 226–27. If a plea to the jurisdiction challenges the pleadings, the court must determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction. *Id.* at 227. "If the pleadings affirmatively negate the existence

of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.*

If a plea to the jurisdiction challenges the existence of jurisdictional facts, the court must consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *Id.* Where the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the court must review the relevant evidence to see if a fact issue exists. *Id.* If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the court must rule on the plea to the jurisdiction as a matter of law. *Id.* The standard of review in these situations "generally mirrors" the summary judgment standard. *Id.* at 228.

## III.   ARGUMENT AND AUTHORITIES

### A.   Notice under the Texas Tort Claims Act.

Plaintiff Flores brings a negligence cause of action against TxDOT. The Texas Tort Claims Act ("TTCA") provides a limited waiver of immunity from suit "to the extent of liability created by [the Act]." Tex. Civ. Prac. & Rem. Code § 101.025(a); *Brown v. City of Hous.*, 8 S.W.3d 331, 333–34 (Tex. App.—Waco 1999, pet. denied) (holding that the State and its political subdivisions enjoy full immunity from tort claims, except to the extent that their immunity is waived by the TTCA).

The TTCA provides that a governmental entity must have notice of the act or omission which forms the basis of a claim against the entity within six (6) months from the date of such occurrence. Tex. Civ. Prac. & Rem. Code § 101.101(a); *see also Univ. of Texas Health Sci. Ctr. at Houston v. McQueen*, 431 S.W.3d 750, 754 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("To take advantage of this waiver and overcome the shield of governmental immunity, a claimant must notify the governmental unit of the negligent act not later than six months after the incident.")

3

(citing § 101.101(a)).  The notice "must reasonably describe the damage or injury claimed; the time and place of the incident; and the incident itself. *Id.* at § 101.101(a).  Formal notice is not required "if the governmental unit has actual notice . . . that the claimant has received some injury. . . ." *Id.* at § 101.101(c).

"Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't. Code § 311.034.  Thus, if a Plaintiff fails to provide notice of claim within six months of the accident, the trial court is deprived of jurisdiction. *See McQueen*, 431 S.W.3d at 754 ("The failure to give notice under section 101.101 requires dismissal of a suit for lack of jurisdiction because the Texas legislature has determined that the TTCA's notice requirement is jurisdictional in nature.") (dismissing plaintiff's claims for want of jurisdiction under notice provision); *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537-38 (Tex. 2010) ("The provision of notice is a jurisdictional requirement in all suits against a governmental unit.").

## B.      TxDOT did not receive notice under the TTCA.

Flores failed to provide TxDOT with formal notice of the accident within the TTCA's six month notice provision. The Accident occurred on March 1, 2014. Pet. at V. Plaintiff, however, did not provide notice of this claim until December 4, 2015. *See* Exhibit A (Notice of Claim Letter dated December 1, 2015). The TTCA's mandatory six month window expired on September 1, 2014. Accordingly, the December 2015 notice provided by Flores did not comply with the TTCA, and was insufficient to confer jurisdiction for Flores' claims against TxDOT.

Nor did TxDOT have actual notice under § 101.101(c) of the TTCA. *See* Affidavit of Samuel Salazar, a true and correct copy of which is attached hereto as Exhibit B. As explained by the Texas Supreme Court, this limited exception to the formal notice requirement necessitates:

that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury. If a governmental unit has this subjective awareness of fault, along with the other information to which it is entitled under section 101.101(a), then requiring formal, written notice in addition would do nothing to further the purpose of the statute—which is, "to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial."

*Texas Dept. of Criminal Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004). The attached Affidavit shows that all records of outstanding claims of any kind against the Department of Transportation are procedurally forwarded to the Tort and Liability Division of the Texas Department of Transportation and that an extensive search of the Department's records failed to produce any formal notice or actual notice of injury by Flores which predates the receipt of the notice of claim.

Finally, the fact the accident allegedly occurred on a highway designed by TxDOT is insufficient to meet the notice requirement. In fact, even "investigating an accident is insufficient to provide actual notice." *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (police report here did not provide actual notice); *Simmons*, 140 S.W.3d at 348 ("[A] governmental unit cannot acquire actual notice merely by conducting an investigation, or even by obtaining information that would reasonably suggest its culpability. The governmental unit must have actual, subjective awareness of its fault in the matter."); *City of El Paso v. Hernandez*, 342 S.W.3d 154, 160 (Tex. App.—El Paso 2011, no pet.) (in claims arising from roadway accident, fact that "El Paso Police Department officers were at the scene following the incident, and that those officers collected evidence and observed the situation does not amount to the type of notice of fault contemplated by subsections (a) of Section 101.101, and does not meet the Hernandezes' burden

5

to establish the City had 'actual notice' for jurisdictional purposes."). Accordingly, TxDOT did not receive actual notice under the TTCA.

**C.     This Court lacks jurisdiction over Flores' claims against TxDOT because Flores failed to comply with the TTCA's mandatory notice provisions.**

Here, Flores was "required to abide by the [TTCA's] pre-suit notice requirements as articulated in the Texas Civil Practice and Remedies Code" as "[t]hese notice requirements are jurisdictional in nature and apply to all suits against a governmental unit." *Rojas v. County of El Paso*, 408 S.W.3d 535, 538 (Tex. App.—El Paso 2013, no pet.). He failed to do so. Nor was this failure excused by the actual notice exception in subsection (c) of Section 101.101.

Formal notice of claim was not provided by the Flores to TxDOT within the six (6) month period.  Nor did TxDOT have actual notice of the claim or information indicating it was in some way culpable in connection with this incident. Therefore, this Court lacks jurisdiction over Flores' claims against TxDOT, and must dismiss them for lack of jurisdiction. *See, e.g.*, *Rojas*, 408 S.W.3d at 541 (affirming trial court's granting of El Paso County's plea to the jurisdiction based on lack of notice under the TTCA in case arising from motor vehicle accident); *City of El Paso v. Hernandez*, 342 S.W.3d 154, 160 (Tex. App.—El Paso 2011, no pet.) (trial court properly granted plea to jurisdiction on grounds that city did not receive proper notice of accident under the TTCA).

## IV.     PRAYER

Plaintiff is unable to bring his claim within the purview of the Texas Tort Claims Act since he did not provide notice of his claim within six (6) months of the date of the accident and the Texas Department of Transportation had no actual notice thereof.  As Plaintiff has not complied with the jurisdictional requirement of notice, the Texas Department of Transportation retains its sovereign immunity and this cause should be dismissed against it for lack of subject matter jurisdiction.

Accordingly, Defendant, the Texas Department of Transportation requests that the court grant its Plea to the Jurisdiction, that the Plaintiff's cause of action against the Texas Department of Transportation be dismissed for want of jurisdiction, that Plaintiff take nothing by his suit against the Texas Department of Transportation, that costs of court be taxed against Plaintiff and for such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

RANDALL K. HILL
Assistant Attorney General
Chief, Transportation Division

/s/ John Seth Johnson
JOHN SETH JOHNSON
State Bar No. 24083259
john.johnson@texasattorneygeneral.gov
Assistant Attorney General
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2004
Facsimile: (512) 472-3855

ATTORNEYS FOR THE
TEXAS DEPARTMENT OF TRANSPORTATION

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via e-mail and electronic service on this 12th day of July, 2016, to the following:

Victor Bieganowski
Gabriel Perez
ORTEGA MCGLASHAN HICKS
& PEREZ, PLLC
609 Myrtle, Suite 100
El Paso, TX 79901
victorbieganowski@ellisandortega.com
Attorneys for Plaintiff Daniel Flores

Darryl Veereen
MOUNCE GREEN MYERS
SAFI, PAXSON & GALATZAN, P.C.
P.O. Drawer 1977
El Paso, Texas 79959
vereen@mgmsg.com
Attorneys for Defendants Finkbiner Transfer
& Storage Company, National Holding
Company, Inc., and National Van Lines, Inc.

M. Mitchell Moss
Priscilla Marquez
SCOTT HULSE, P.C.
201 E Main St,
El Paso, TX 79901
mmos@schotthulse.com
Attorneys for Defendant Gary M. Gallardo

                    /S/ Seth Johnson
                    JOHN SETH JOHNSON
                    Assistant Attorney General

Exhibit "A"

# *ELLIS AND ORTEGA*
## Attorneys and Counselors at Law

Randolph J. Ortega
William B. McGlashan*

* *Licensed in Texas and New Mexico*

DOWNTOWN
609 Myrtle, Suite 100 * El Paso, TX 79901
Office: (915) 542-1883 * Facsimile: (915) 542-3500
UPPER VALLEY
6935 Doniphan * Canutillo, TX 79835
Office: (915) 877-5290 * Facsimile: (915) 877-5299

S. Richard Ortega
Firm Administrator

December 1, 2015

**RECEIVED**

DEC 04 2015

**GENERAL COUNSEL**

Jeff Graham Director
General Counsel of Texas Department of Transportation
125 E. 11th Street
Austin, Texas 78701

Via Certified Mail and Via Facsimile: (512) 475-3070

**RECEIVED
TXDOT - OCC**

DEC 07 2015

RE:   Claimant:      Daniel Flores
      DOI:           03/01/2014

Dear Mr. Graham:

    This is a notice of a claim filed against your agency under Section 101 of the Texas Tort Claims Act.

    Specifically, on March 1, 2014 at 4:37 p.m., a 2009 Blue International being driven by Daniel Flores was struck by an 18 wheeler owned by Swift Transportation and being driven by Joseph Raymond Steinburg at East Interstate Highway 10.

    Our client Daniel Flores has sustained serious personal injuries in this incident including Surgery of the right shoulder, Torn Rotator Cuff, Right Hip Tear, Pain in the back and Right Wrist, 2nd surgical recommendation, Severe Depression and EMG Injections and medical bills exceeding 36,000.00 and Lost wages. His injuries are permanent and he will incur substantial lost wages into the future.

    We are making a claim against your agency for $500,000.00 due to your faulty design maintenance and repair of East Interstate Highway 10 in the area where this incident occurred.

Yours Very Truly

Randolph J. Ortega
Attorney at Law

Exhibit "B"

NO. CV-04576-205

| | | |
|---|---|---|
| DANIEL FLORES | § | IN THE 394TH |
| | § | |
| v. | § | |
| | § | |
| NATIONAL VAN LINES, INC., | § | |
| NATIONAL HOLDING COMPANY, INC., | § | DISTRICT COURT |
| FINKBINER TRANSFER & STORAGE, | § | |
| INC., UNION TRANSFER & STORAGE, | § | |
| INC., GARY M. GALLARDO AND | § | |
| STATE OF TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | OF HUDSPETH COUNTY, TEXAS |

## AFFIDAVIT OF SAMUEL SALAZAR

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned official on this day personally appeared Samuel Salazar, who, upon being by me first duly sworn, stated as follows:

"My name is Samuel Salazar.  I am over eighteen (18) years of age and am fully competent to make this Affidavit. I am employed as a Section Director of the Tort and Liability Division of the Texas Department of Transportation. I have personal knowledge of the facts contained herein, and they are all true and correct.

As the Section Director of the Tort and Liability Division of the Texas Department of Transportation, I am the Custodian of records for such Division.  This Division receives all claims submitted against the Texas Department of Transportation, as all such claims are procedurally forwarded to this office for review and adjustment.

A thorough and extensive search of all records of claims was conducted by this office and no correspondence or communication was found relating to the accident made the basis of this suit until receipt of Plaintiff's Notice of Claim Letter dated December 1, 2015, received by the Office of General Counsel on December 4, 2015 complaining of an accident which occurred on March 1, 2014.

Until receiving Plaintiff's Plaintiff's Notice of Claim Letter, the Texas Department of Transportation had no actual knowledge of: (1) Plaintiff's claims for damages against the Texas Department of Transportation or his intent to file a claim for damages against the Texas Department of Transportation; (2) the nature of the injuries allegedly received by Plaintiff or the identity of the parties involved; and (3) the purported cause of Plaintiff's injuries or that the Texas Department of Transportation was alleged to be in any way culpable for the accident."



_____
Samuel Salazar
Texas Department of Transportation

SWORN AND SUBSCRIBED TO BEFORE ME on this the _12th_ day of July, 2016 to certify which witness my hand and official seal of office.

_____
Notary Public in and for The State of Texas

Notary ID# 773408-6

8-5-16

NO. CV-04576-205

| | | |
|---|---|---|
| DANIEL FLORES | § | IN THE 205TH |
| | § | |
| v. | § | |
| | § | |
| NATIONAL VAN LINES, INC., | § | |
| NATIONAL HOLDING COMPANY, INC., | § | DISTRICT COURT |
| FINKBINER TRANSFER & STORAGE, | § | |
| INC., UNION TRANSFER & STORAGE, | § | |
| INC., GARY M. GALLARDO AND STATE | § | |
| OF TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | OF El PASO COUNTY, TEXAS |

## **NOTICE OF HEARING**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Texas Department of Transportation, and files this its Notice of

Hearing giving notice that the Court has set Defendant the Texas Department of Transportation's

Motion to Dismiss for Lack of Jurisdiction to be heard on Wednesday, August 24, 2016 at 10:00

A.M. in the 205TH District Court of El Paso County, Texas, 500 E. San Antonio, 10th Floor, El

Paso, Texas 79901.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

RANDALL K. HILL
Assistant Attorney General
Chief, Transportation Division

*/s/ John Seth Johnson*
JOHN SETH JOHNSON
State Bar No. 24083259

1

john.johnson@texasattorneygeneral.gov
Assistant Attorney General
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2004
Facsimile: (512) 472-3855

ATTORNEYS FOR THE
TEXAS DEPARTMENT OF TRANSPORTATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via e-mail

and electronic service on this 8th day of August, 2016, to the following:

Victor Bieganowski
Gabriel Perez
ORTEGA MCGLASHAN HICKS
& PEREZ, PLLC
609 Myrtle, Suite 100
El Paso, TX 79901
victorbieganowski@ellisandortega.com
Attorneys for Plaintiff Daniel Flores

Darryl Veereen
MOUNCE GREEN MYERS
SAFI, PAXSON & GALATZAN, P.C.
P.O. Drawer 1977
El Paso, Texas 79959
vereen@mgmsg.com
Attorneys for Defendants Finkbiner Transfer
& Storage Company, National Holding
Company, Inc., and National Van Lines, Inc.

M. Mitchell Moss
Priscilla Marquez
SCOTT HULSE, P.C.
201 E Main St,
El Paso, TX 79901
mmos@schotthulse.com
Attorneys for Defendant Gary M. Gallardo

/S/ Seth Johnson
JOHN SETH JOHNSON
Assistant Attorney General

2

Filed 8/10/2016 1:50:10 PM
Virginia Doyal
District Clerk
Hudspeth County, Texas

Brenda Sanchez

NO. CV-04576-205

| | | |
|---|---|---|
| DANIEL FLORES | § | IN THE 205TH |
| | § | |
| v. | § | |
| | § | |
| NATIONAL VAN LINES, INC., | § | |
| NATIONAL HOLDING COMPANY, INC., | § | DISTRICT COURT |
| FINKBINER TRANSFER & STORAGE, | § | |
| INC., UNION TRANSFER & STORAGE, | § | |
| INC., GARY M. GALLARDO AND STATE | § | |
| OF TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | OF El PASO COUNTY, TEXAS |

## <u>AMENDED NOTICE OF HEARING</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Texas Department of Transportation, and files this its Notice of Hearing giving notice that the Court has set Defendant the Texas Department of Transportation's Motion to Dismiss for Lack of Jurisdiction to be heard on Thursday, August 25, 2016 at 11:00 A.M. in the 205TH District Court of El Paso County, Texas, 500 E. San Antonio, 10th Floor, El Paso, Texas 79901.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

RANDALL K. HILL
Assistant Attorney General
Chief, Transportation Division

*/s/ John Seth Johnson*
JOHN SETH JOHNSON
State Bar No. 24083259

1

john.johnson@texasattorneygeneral.gov
Assistant Attorney General
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2004
Facsimile: (512) 472-3855

ATTORNEYS FOR THE
TEXAS DEPARTMENT OF TRANSPORTATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via e-mail and electronic service on this 10th day of August, 2016, to the following:

Victor Bieganowski
Gabriel Perez
ORTEGA MCGLASHAN HICKS
& PEREZ, PLLC
609 Myrtle, Suite 100
El Paso, TX 79901
victorbieganowski@ellisandortega.com
Attorneys for Plaintiff Daniel Flores

Darryl Veereen
MOUNCE GREEN MYERS
SAFI, PAXSON & GALATZAN, P.C.
P.O. Drawer 1977
El Paso, Texas 79959
vereen@mgmsg.com
Attorneys for Defendants Finkbiner Transfer
& Storage Company, National Holding
Company, Inc., and National Van Lines, Inc.

M. Mitchell Moss
Priscilla Marquez
SCOTT HULSE, P.C.
201 E Main St,
El Paso, TX 79901
mmos@schotthulse.com
Attorneys for Defendant Gary M. Gallardo

/S/ Seth Johnson
JOHN SETH JOHNSON
Assistant Attorney General

2

Norma L. Favela
District Clerk
El Paso County
2016DCV0208

### CAUSE NO. 2016DCV0208

| | | |
|---|---|---|
| **DANIEL FLORES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **NATIONAL VAN LINES, INC.,** | § | **EL PASO COUNTY, TEXAS** |
| **NATIONAL HOLDING COMPANY,** | § | |
| **INC., UNION TRANSFER &** | § | |
| **STORAGE, INC., UNION TRANSFER** | § | |
| **& STORAGE, INC., GARY M.** | § | |
| **GALLARDO and STATE OF TEXAS** | § | |
| **DEPARTMENT OF** | § | |
| **TRANSPORTATION** | § | |
| | § | |
| **Defendants.** | § | |
| | § | **COUNTY COURT AT LAW NO. 5** |

### PLAINTIFF'S RESPONSE TO DEFENDANT TEXAS DEPARTMENT OF TRANSPORTATION'S MOTION TO DISMISS

COMES NOW, PLAINTIFF, DANIEL FLORES, by and through his Counsel of Record, Victor J. Bieganowski and Gabriel S. Perez, and hereby submits this Response to Defendant, Texas Department of Transportation's ("TxDOT") Motion to Dismiss pursuant to the TEXAS CIVIL PRACTICES AND REMEDIES CODE section 101.101.

In response, Plaintiff would show:

1. This matter occurred on March 1, 2014, and suit was filed on January 19, 2016.
2. The Texas Department of Transportation was included in the suit given the potential issue pertaining to the design of the roadway where the incident occurred that may have lead partially to the injuries complained of by the Plaintiff.
3. TxDot was served with citation on February 2, 2016, within 13 days of filing of the petition.

4.  TxDot filed their Motion to Transfer Venue and other related motions on March 1, 2016, wherein they allege that the Court lacks jurisdiction over them given the 6 month notice requirement in section 101.101 in the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

5.  The Texas Tort Claims Act requires that a governmental unit obtain notice of a claim against it within six months of the incident giving rise to the claim. TEX. CIV. PRAC. & REM. CODE §101.101. The Courts have construed this provision as entitling a governmental unit to formal, written notice of a claim within six months of the incident unless it has actual notice. See *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 339 (Tex. 2004) (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).

6.  This written notice "must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." TEX. CIV. PRAC. & REM. CODE § 101.101(a).

7.  Defendant TxDot may have had actual notice of the injuries arising out of this incident, but the Plaintiff has not had sufficient time to conduct discovery of persons with knowledge of TxDot procedures relating to receipt of incident reports.

8.  Plaintiff prays that this Court hold its decision in abeyance until discovery can be completed, which may disclose the actual knowledge exception for section 101.101 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

Respectfully submitted,

Ortega McGlashan Hicks & Perez, PLLC

By: Victor JV Bieganowski
Texas Bar No. 02301100
Email: victorbieganowski@ellisandortega.com
609 Myrtle Ave., Ste. 100
El Paso, Texas 79901
Tel. (915) 542-1883
Fax. (915) 542-3500
Attorney for Plaintiff
DANIEL FLORES

BY: _____
**GABRIEL S. PEREZ**
State Bar No. 24063580
609 Myrtle Ste. 100
El Paso, Texas 79901
(915) 542-1883
(915) 542-3500 (Facsimile)
gabrielperez@ellisandortega.com
Attorney for Daniel Flores


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above foregoing document was delivered to all parties involved, on even date with filing hereof.

_____
Victor J. Bieganowski

09/14/2016   09:55      915-857-6092           PAYROLL×IT                        PAGE   01

IN THE DISTRICT COURT OF HUDSPETH COUNTY, TEXAS

205TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| DANIEL FLORES | § | |
| | § | |
| v. | § | |
| | § | |
| NATIONAL    VAN    LINES,    INC., | § | Cause No. CV-04576-205 |
| NATIONAL HOLDING COMPANY, INC., | § | |
| FINKBINER TRANSFER & STORAGE, | § | |
| INC., UNION TRANSFER & STORAGE, | § | |
| INC., GARY M. GALLARDO AND STATE | § | |
| OF    TEXAS    DEPARTMENT    OF | § | |
| TRANSPORTATION | § | |

### ORDER GRANTING DEFENDANT TEXAS DEPARTMENT OF TRANSPORTATION'S MOTION TO DISMISS FOR LACK OF JURISIDCITON

On this the 25th day of August, 2016, came to be heard Defendant Texas Department of

Transportation's Motion to Dismiss for Lack of Jurisdiction, and after due consideration, the Court

finds that said motion is well taken and should be GRANTED, and accordingly;

It is ORDERED, ADJUDGED, and DECREED that *Defendant Texas Department of*

*Transportation's Motion to Dismiss for Lack of Jurisdiction* should be and is hereby GRANTED;

and

It is further ORDERED, ADJUDGED, and DECREED that Defendant Texas Department

of Transportation is hereby dismissed from this action with prejudice.

SIGNED on this 29TH day of AUGUST , 2016.

JUDGE PRESIDING

**FILED**
IN DISTRICT COURT

AUG 3 0 2016
District Clerk
Hudspeth County, Texas
By Deputy

IN THE DISTRICT COURT OF HUDSPETH COUNTY, TEXAS

205TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| DANIEL FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No.: CV-04576-205 |
| | § | |
| NATIONAL VAN LINES, INC., | § | |
| NATIONAL HOLDING COMPANY, | § | |
| INC., FINKBINER TRANSFER & | § | |
| STORAGE, INC., UNION TRANSFER & | § | |
| STORAGE, INC., GARY M. GALLARDO | § | |
| and STATE OF TEXAS DEPARTMENT | § | |
| OF TRANSPORTATION, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT STATE OF TEXAS DEPARTMENT OF TRANSPORTATION'S MOTION FOR SEVERANCE

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** STATE OF TEXAS DEPARTMENT OF TRANSPORTATION, a Defendant in the above-captioned and numbered cause, and submits its' Motion for Severance, and respectfully show the Court as follows:

### I.

An Order Granting Defendant Texas Department of Transportation's Motion for Lack of Jurisdiction was entered on August 30, 2016. Although the Court granted this Defendant's motion, it does not dispose of all claims and parties, and as such is interlocutory. Defendant Texas Department of Transportation requests that the Court sever all of the Plaintiff's claims against it so that the order in its' favor may become final for the purposes of appeal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays this matter be set for hearing, with notice to all parties, and upon final hearing that the Court grant this motion,

1265159

that the Court sever all of Plaintiff's claims against this Defendant into a separate cause number so that the dismissal for lack of jurisdiction in its' favor may become final for the purposes of appeal, and grant Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

RANDALL K. HILL
Assistant Attorney General
Chief, Transportation Division

JOHN SETH JOHNSON
State Bar No.: 24083259
john.johnson@texasattorneygeneral.gov
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2004
Facsimile: (512) 472-3855

ATTORNEYS FOR THE TEXAS
DEPARTMENT OF TRANSPORTATION

1265159

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **John Seth Johnson,** hereby certify that on the _7ᵗʰ_ day of ~~October~~ *November* 2016, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Victor J. Bieganowski, Esq., victorbieganowski@ellisandortega.com, 609 Myrtle, Suite 100, El Paso, Texas, 79901, Darryl S. Vereen, Esq., vereen@mgmsg.com, Shannon C. Rhoads, Esq., rhoads@mgmsg.com, P.O. Box 1977, El Paso, Texas, 79999-1977, and M. Mitchell Moss, Esq., mmos@scotthulse.com, P.O. Box 99123, El Paso, Texas, 79999-9123

**John Seth Johnson**

IN THE DISTRICT COURT OF HUDSPETH COUNTY, TEXAS

205TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| DANIEL FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No.: CV-04576-205 |
| | § | |
| NATIONAL VAN LINES, INC., | § | |
| NATIONAL HOLDING COMPANY, | § | |
| INC., FINKBINER TRANSFER & | § | |
| STORAGE, INC., UNION TRANSFER & | § | |
| STORAGE, INC., GARY M. GALLARDO | § | |
| and STATE OF TEXAS DEPARTMENT | § | |
| OF TRANSPORTATION, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER FOR SEVERANCE</u>

**CAME ON TO BE CONSIDERED** Defendant State of Texas Department of Transportation's Motion for Severance, and the Court, after considering the evidence and hearing the argument of counsel, and after granting Defendant's Motion to Dismiss for Lack or Jurisdiction, finds that Defendant's motion is well taken and should be **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that all claims and causes of action asserted by Plaintiff against Defendant State of Texas Department of Transportation in the above entitled and captioned cause be, and the same shall be severed into a new cause number so they may become final for the purposes of appeal.

**IT IS FURTHER ORDERED** that the District Clerk shall assign a new cause number for these severed claims, and that they shall proceed forward under the style *Daniel Flores v. State of Texas Department of Transportation,* Cause No. _____.

1265436

**IT IS FURTHER ORDERED** that the District Clerk shall place a copy of this Order in both cause numbers, and that any filing fees associated with this severance shall be paid by Defendant.

SIGNED this _____ day of _____, 2016.


_____
The Honorable Francisco X. Dominguez
Judge, 205th Judicial District Court

1265436

Filed 11/28/2016 3:39:04 PM
Virginia Doyal
District Clerk
Hudspeth County, Texas

Brenda Sanchez

IN THE DISTRICT COURT OF HUDSPETH COUNTY, TEXAS

205TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| DANIEL FLORES | § | |
| | § | |
| v. | § | |
| | § | |
| NATIONAL VAN LINES, INC., | § | |
| NATIONAL HOLDING COMPANY, INC., | § | Cause No. CV-04576-205 |
| FINKBINER TRANSFER & STORAGE, | § | |
| INC., UNION TRANSFER & STORAGE, | § | |
| INC., GARY M. GALLARDO AND STATE | § | |
| OF TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | |

## NOTICE OF HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Texas Department of Transportation, and files this its Notice of Hearing giving notice that the Court has set Defendant the Texas Department of Transportation's Motion for Severance to be heard on Wednesday, December 7, 2016 at 10:00 A.M. in the 205TH District Court of El Paso County, Texas, 500 E. San Antonio, 10th Floor, El Paso, Texas 79901.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

RANDALL K. HILL
Assistant Attorney General
Chief, Transportation Division

*/s/ John Seth Johnson*
JOHN SETH JOHNSON
State Bar No. 24083259

1

john.johnson@texasattorneygeneral.gov
Assistant Attorney General
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2004
Facsimile: (512) 472-3855

ATTORNEYS FOR THE
TEXAS DEPARTMENT OF TRANSPORTATION

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was sent via e-mail and electronic service on this 28th day of November, 2016, to the following:

Victor Bieganowski
Gabriel Perez
ORTEGA MCGLASHAN HICKS
& PEREZ, PLLC
609 Myrtle, Suite 100
El Paso, TX 79901
victorbieganowski@ellisandortega.com
Attorneys for Plaintiff Daniel Flores

Darryl Veereen
MOUNCE GREEN MYERS
SAFI, PAXSON & GALATZAN, P.C.
P.O. Drawer 1977
El Paso, Texas 79959
vereen@mgmsg.com
Attorneys for Defendants Finkbiner Transfer
& Storage Company, National Holding
Company, Inc., and National Van Lines, Inc.

M. Mitchell Moss
Priscilla Marquez
SCOTT HULSE, P.C.
201 E Main St,
El Paso, TX 79901
mmos@schotthulse.com
Attorneys for Defendant Gary M. Gallardo

                                   /S/ Seth Johnson
                                   JOHN SETH JOHNSON
                                   Assistant Attorney General

# IN THE DISTRICT COURT OF HUDSPETH COUNTY, TEXAS
## 205TH JUDICIAL DISTRICT

DANIEL FLORES,
Plaintiff,

vs

NATIONAL VAN LINES, INC.,
NATIONAL HOLDING COMPANY,
INC., FINK.BINER TRANSFER &
STORAGE, INC., UNION TRANSFER &
STORAGE, INC., GARYM. GALLARDO
and STATE OF TEXAS DEPARTMENT
OF TRANSPORTATION,
Defendants.

Cause No. CV-04576-205

### ORDER SETTING HEARING

THE ABOVE REFERENCED CASE IS SET FOR

| Date | Time | Description |
|------|------|-------------|
| 12/07/2016 (In El Paso) | 10:00 AM | Motion for Severance Hearing |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel (with authority) to appear before the Court to obtain the requested relief.

**If you do not appear in court on the day of your hearing, this case will be Dismissed for Want of Prosecution, pursuant to Tex. R. Civ. P. 165a, or pursuant to the Court's inherent power.**

All hearings scheduled by the Court will NOT be subject to continuance, cancellation, or reset by agreement (i.e., Rule 11, etc.), unless otherwise ordered by the Court or by leave of Court.

If the above referenced case has already been settled, tried or dismissed, please notify the Court Coordinator, Aurora Molina-Estrada, at (915) 546-2107, upon receipt of this order.

Signed and entered  on this the 28th day of November, 2016.

JUDGE

**NO TELEPHONIC CONFERENCES, ALL PARTIES MUST BE PRESENT**

**ATTYS:**
Fax:   John Seth Johnson
      Victor J.Bieganowski
      Darryl S. Vereen
      Shannon C. Rhoads
      M. Mitchell Moss

John.johnson @texasattorneygenreal.gov
victorbieganowski@ellisandordtega.com
vereen@mgmsg.com
rhoads@mgmsg.com
mmos@scotthulse.com

Filed 12/7/2016 11:26:59 A
Virginia Doy
District Cle
Hudspeth County, Tex:

Brenda Sanchez

IN THE DISTRICT COURT OF HUDSPETH COUNTY, TEXAS

205TH JUDICIAL DISTRICT

DANIEL FLORES,                      §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §    Cause No.: CV-04576-205
                                    §
NATIONAL VAN LINES, INC.,           §
NATIONAL HOLDING COMPANY,           §
INC., FINKBINER TRANSFER &          §
STORAGE, INC., UNION TRANSFER &     §
STORAGE, INC., GARY M. GALLARDO     §
and STATE OF TEXAS DEPARTMENT       §
OF TRANSPORTATION,                  §
                                    §
        Defendants.                 §

## ORDER FOR SEVERANCE

**CAME ON TO BE CONSIDERED** Defendant State of Texas Department of Transportation's Motion for Severance, and the Court, after considering the evidence and hearing the argument of counsel, and after granting Defendant's Motion to Dismiss for Lack or Jurisdiction, finds that Defendant's motion is well taken and should be **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that all claims and causes of action asserted by Plaintiff against Defendant State of Texas Department of Transportation in the above entitled and captioned cause be, and the same shall be severed into a new cause number so they may become final for the purposes of appeal.

**IT IS FURTHER ORDERED** that the District Clerk shall assign a new cause number for these severed claims, and that they shall proceed forward under the style *Daniel Flores v. State of Texas Department of Transportation,* Cause No. _____.

1265436

**IT IS FURTHER ORDERED** that the District Clerk shall place a copy of this Order in both cause numbers, and that any filing fees associated with this severance shall be paid by Defendant.

SIGNED this _7th_ day of _DECEMBER_, 2016.

The Honorable Francisco X. Dominguez
Judge, 205th Judicial District Court

1265436